Parker, C. J.
With respect to the first error, namely, the want of legal notice, the objection is, that it does not appear, on the face of the printed order left with the respondent, that the person who signed it was either a non-commissioned officer or a private in the company, or that he was any thing but a mere stranger, having signed his name “ D. Mann,” without any addition, and without any words tending to show that he acted by order of the captain. This is certainly irregular, as it may leave the soldier, who is warned, uncertain whether any such orders have actually * issued from lawful authority. But, as it was proved in the case before the justice, that a regular order was issued to Mann by the commanding officer of the company, and that a notification was actually served upon the respondent within the time prescribed by the statute, we do not think, that, for this cause, the proceedings ought to be quashed. As such an irregularity may, however, be the cause of delay and difficulty in the trial of processes before justices of the peace, we hope it will be avoided in future.
The other objection is of a more general nature, and has received the deliberate consideration of the Court. The question it involves is, whether the duty, which the respondent was required to attend on the 10th and on the 11th of October, pursuant to the orders of the commanding officer of the company, was one aggregate duty, composed of several branches ; so that the non-performance was one offence, and one penalty only was incurred.
The duty which was required was assigned by the major-general of the division, pursuant to the twenty-fifth section of the militia law now in force ; (1) which provides, that the troops of each division shall be paraded once in each year for review, inspection, and discipline, either in brigades, regiments, or battalions of regiments, at such times as the commanding officer of the division may order.
The whole authority emanated from the major-general ; and the question is, whether the duty he required is divisible, so that any person, neglecting to appear on both the days assigned by him for the purposes of inspection and review, may be considered as having committed two offences, namely, one in neglecting to appear on the day assigned for inspection, and the other in being absent from the review.
Taking into view the general principle, that, in the construction of penal statutes, if any obscurity occurs, the most lenient opinion is to prevail, we are satisfied, that the justice erred in considering the respondent guilty of two several offences, and in exacting of him a double fine. The * duty required by the commanding officer of the division was but one duty, that of inspection and review ; both of which acts may be performed in one *349 day, or may require more than one day, according to the form in which the troops shall be assembled, namely, in divisions, brigades, regiments, or battalions ; it being discretionary with that officer, by the statute, to call them out for that purpose in either of those forms. But he may not do this more than once every year ; unless in case of such emergencies as are provided for by the statute. The purpose for which they are thus to be called in any of these forms is, for review, inspection, and discipline ; which is one complicated duty ; and which, although divisible for the convenience of the commanding officers, and the better regulation and appearance of the troops, is not divisible for the purpose of multiplying the penalties prescribed for neglecting to appear on either of the days or times which may be necessary for carrying those purposes into effect.
By the twenty-ninth article, for governing the militia when not in actual service, it is provided, that every non-commissioned officer or private, who, being duly ordered, shall unnecessarily neglect to appear for any battalion, regimental, or brigade inspection or review, at the time and place appointed, shall forfeit four dollars. It is obvious, that the legislature contemplated that the appearance, the neglect of which was to be so punished, was one act of duty, and that the fine, which is larger than any other to which privates are subject, applied to the whole subject-matter, and not to each branch of duty of which the aggregate might be composed.
The order of the captain, to meet on the day preceding the review, cannot be considered as an order for a company training ; for his order was bottomed upon the division order, issued by the major-general ; and, if it might be considered in this light, the adjudication was erroneous ; for, in that case, the fine could only have been two dollars, according to the twenty-eighth article.
* The justice states in his record, that the trainings, which the respondent neglected to attend, were brigade, or regimental, or battalion reviews, referring to the order of the major" general ; and the captain of the company must be supposed to have acted altogether in subordination to that order. So that the offence consisted in not attending the brigade review and inspection which was ordered by the major-general; and, if this were capable of being divided into two offences, with equal reason there might have been three, if the major-general had ordered the brigades to appear for review, inspection, and discipline; provided a different day had been assigned for each of those objects.
It is true, that, by this construction, the delinquent who attends on one of the days appointed is subject to the same penalty with him • who neglects both. But we cannot, for this reason, deviate from the plain intent of the legislature. It is probable, that one day was thought sufficient for the purposes specified in the twenty-fifth section *350 of the statute, and the penalty was deemed sufficient for this breach of duly. At any rate, if the militia service requires the exaction of greater penalties, the legislature will enact them. Hitherto, we are persuaded, that one fine only has been exacted in cases like this before us, under a general belief that there was but one offence committed ; although the orders issued by commanders of companies contemplated two distinct cases of militia duty, to be performed on two successive days.
The order or adjudication complained of was, therefore, erroneous, as to one of the fines imposed upon the respondent. We have been led, however, to consider whether, for this cause, the proceedings must be quashed in the whole ; or whether they may not be quashed in part only, leaving the judgment in force with respect to one of the fines, and the costs. And we are satisfied that this may be legally done, and that it will consist with justice in the present case.
* The justice has distinctly adjudged upon two several offences ; one as having been committed on the 10th, and the other on the 11th, of October; and he has adjudged the respondent to have forfeited the sum of four dollars for each of those offences, both of which are summed up in the close of his order or judgment.
It was settled with great deliberation, in the case of The Commonwealth in certiorari vs. The Blue Hill Turnpike Corporation, (2) that a judgment of the Court below, consisting of several distinct parts or orders, might be quashed for those parts which are bad, and remain for those which are good, even upon certiorari. And the case before us is as suitable for such a discrimination as the case now cited, or those which are referred to in the opinion of the Court upon that case. Here there were two distinct informations, and the justice considered that there were two distinct offences ; and he proceeded to adjudicate upon them severally. It turns out, that the whole of-fence was committed on the first day, upon which the respondent was ordered to appear ; and that there was no new or additional offence on the last day. The judgment was then right as to the first day, and wrong as to the second.
The proceedings must, therefore, be quashed, so far as they respect the fine, which was ordered for non-appearance on the 11th of Octooer; but, so far as they respect the fine for non-appearance on the 10th of the month, and for the costs, they are affirmed.

Stat. 1809, c. 107

50-10"> 5 Mass. Rep. 420.