## AMASA WOOD *vs.* PETER FLETCHER.

A justice of the peace may legally make out a summons to bring before him a party, against whom an information has been filed, for neglect of military duty.
Where a private in a militia company was enrolled by the name of *J. F.*, and appeared at a muster of the company and answered to that name, in a suit against his guardian, he being a minor, for the penalty incurred by his not being duly equipped, it was held to be no objection, that his real name was *J. A. F.*, and not *J. F.*

THIS was an appeal from the judgment of a justice of the peace, rendered in favor of *Wood* against *Fletcher.*

The cause was submitted to the decision of the court, upon the following facts.

*Wood* was the clerk of a militia company, in which *John Adams Fletcher*, a son of *Peter Fletcher*, and an infant under twenty years of age, was liable to do duty. *John A. Fletcher* was enrolled in the company, by the name of *John Fletcher*; the notice to appear at the training was directed to *John Fletcher*; *John A. Fletcher* appeared at the training, and answered to the name of *John Fletcher*, but was not equipped as the law requires.

*Wood*, in due season, made out and subscribed an information against the said *Peter Fletcher*, for his said son's not being duly equipped, and filed the same with a justice of the peace, in pursuance of the provisions of the statute of 1820, cap. 36, sec. 50. The justice, before whom the information was filed, made out and issued a summons, requiring the said *Peter Fletcher* to appear and answer to the said information; and having heard the parties, rendered judgment against the said *Peter*, who claimed an appeal from the judgment.

And it was agreed, that if the court should be of opinion, that the justice had no authority to try the case, the process being made by, and returnable to, himself; then judgment should be rendered for the defendant. But if the court should be of opinion, that the justice had authority to try the cause, and that *John A. Fletcher* was duly enrolled and warned to appear, judgment to be rendered in favor of *Wood*.

*J. H. Bingham*, for the plaintiff.

*H. Hubbard*, for the defendant.

RICHARDSON, C. J. It is contended, that the justice of the peace, before whom this case was commenced, was of counsel with one of the parties, and so disqualified to decide it. Whether this objection, if well founded in point of fact, could be of any avail here, need not be decided. 5 *Mass. Rep.* 90.—12 *John.* 336.—13 *Mass. Rep.* 340.—2 *John.* 385. —19 *ditto* 172. Because we are of opinion, that the making out of the summons was not the peculiar duty of counsel. The clerks of this court cannot be counsel, and yet they constantly make out writs of scire facias, executions, subpœnas, and writs of review. The summons in this case was in the nature of judicial process, and the justice might, with-

out any impropriety, make it. This objection has no foundation in fact, and must be overruled.

It is also objected, that *John A. Fletcher* was not duly enrolled; because enrolled by the name of *John Fletcher.* But he appeared at the muster, and answered to the name of *John Fletcher*; and it seems to us to be too late now for him, or his guardian, to make this objection.

*Judgment for the plaintiff.*