## J. GALE *versus* C. CURRIER.

No person can be compelled to do duty in a militia company, until he has been duly enrolled.

The roll of the company is the best evidence of the enrollment and no other evidence of the fact is admissible, until a good reason is shown why the roll cannot be produced.

GALE, as clerk of a militia company, filed an information before a justice of the peace against Currier, as a private belonging to the same company, for neglect of military duty on the fourth day of May, 1824. The cause, having been brought to this court by appeal, was tried at September term, 1826. Several exceptions were taken to the evidence introduced in support of the information, and among the rest it was objected that there was no legal evidence to show that the respondent, at the time of the alleged neglect of duty, belonged to the company. The evidence on that point was as follows. No roll of the company was produced, and the only evidence to show that the respondent had ever been enrolled in said company was, that it appeared by the orderly book of the company, that in 1822 and 1823 he acted as sergeant of said company, and that he was mentioned as belonging to the company in orders issued from time to time by the captain, together with parol evidence that he had done duty in the company several years immediately previous to said 4th May, 1824. It also appeared that the respondent resided within the limits of the company and was liable to do military duty.

A verdict was taken by consent for the informant subject to the opinion of the court upon the said objection.

*Lawrence*, for the plaintiff.

*Sullivan* and *Mason*, for the defendant.

The opinion of the court was delivered by RICHARDSON, C. J.

The seventh section of the statute of December 22, 1820, entitled an act for forming, arranging and regulating the militia, provides that the first sergeant shall be clerk of the company ; and the forty-third section of the same statute enacts, that "the first sergeant of each company shall keep an exact roll of the company together with the state of the arms, &c., which roll he shall annually revise in the month of April, and correct the same from time to time as the alterations in the company may require." It is also enacted in the fourth section of the statute, that each and every person liable to do duty "shall severally and respectively be enrolled in the militia ;" and that "any legal notice or warning to the citizen enrolled as aforesaid to attend a company or regimenttal muster or training, shall be a legal notice of his enrolment." And it is further provided in the forty third section, that if any noncommissioned officer or private shall in due course of law be convicted of any infamous crime, he shall be forthwith disenrolled from the militia." In the enacted form of the information in the fiftieth section, it is alleged that the respondent "*being duly enrolled in said company,*" neglected, &c.

It is very apparent from these provisions in the statute, that it is a legal enrolment which makes a citizen a member of a company and subjects him to the command of the officers ; and that without such an enrolment he cannot legally belong to the company, nor be liable to do duty in it.

It is equally clear, that the roll of the company is the best evidence of an enrolment, and that other evidence of the fact is inadmissible until a good reason can be shown why the roll is not produced.

In this case the roll was not produced nor was any excuse offered for the nonproduction of it, of course there was no legal evidence that the respondent was liable to do duty in the company. The verdict must be set aside and                                         *A new trial granted.*