### JOHN NELSON *versus* JOHN PIERCE and another.

A certificate, by selectmen, that a warrant, for holding a town meeting, " has been duly posted up more than fifteen days," is not sufficient to show the meeting duly notified. It should state the place where, and the time when, it was posted up.

A lot of land, belonging to an inhabitant of a town, was holden to be rightly taxed as land of a nonresident, the owner having omitted to notice it in the inventory of his taxable estate, which he gave to the selectmen, and it not being known to the selectmen that he was the owner.

An affidavit, filed by a collector with a town clerk, that an advertisement of the lands of nonresidents for sale for taxes, had been posted up more than eight weeks, was held to be no evidence that the lands had been duly advertised for sale. It should state the time when the advertisement was posted up.

THIS was a writ of entry brought to recover lot No. 29, in the fourth sale in Bethlehem.

The cause was tried in the court of common pleas, at May term, 1833, and a verdict taken for the tenants, subject to the opinion of the superior court, upon the following case.

On the 23d June, 1827, the executor of Joseph Whipple, deceased, by deed, conveyed the land demanded, to Jonathan Nelson, who, on the 5th July, in the same year, entered and took possession of the lot, and on the 12th March, 1829, conveyed the same to the demandant.

The tenants claimed to hold the land, under a sale made by one S. B. Johnson, collector of taxes in the town of Bethlehem, for taxes assessed upon the lot in the year 1828.

Some of the taxes, for which the land was sold, were voted to be raised by the town of Bethlehem, at a meeting holden on the second Tuesday of March, 1828. On the back of the warrant, for holding said meeting, the certificate of the selectmen was as follows :—

Nelson
v.
Pierce et a.

" Bethlehem, 11th March, 1828. These certify that the within warrant has been posted up for more than fifteen days.

S. W. ⎱
J. W. ⎬ *Selectmen of Bethlehem.*"
L. B. ⎰

Lot No. 29, in the fourth sale, was taxed that year as the land of a nonresident, the owner of which was unknown. But Jonathan Nelson, the owner of the lot, resided in Bethlehem during the year 1828. However, although he gave to the selectmen an inventory of his taxable estate, he omitted this lot, and the selectmen had no notice that he claimed it.

On the day after the sale of the lot, the collector lodged with the town clerk of Bethlehem, the advertisement, which had been posted up in that town, annexed to a certificate under oath as follows :—

" Bethlehem, January 7, 1829. I hereby certify that the advertisement of nonresident land, for the year 1828, hereunto annexed, has remained posted up in my bar room, in said Bethlehem, more than eight weeks prior to this date.

W. KENNEY."

A copy of the advertisement, and certificate, attested by the town clerk, was the only evidence offered to prove that the land was advertised for sale in the town of Bethlehem.

*Bell,* for the demandant.

*Bellows* and *Bartlett,* for the tenants.

RICHARDSON, C. J. delivered the opinion of the court.*

The first objection to the title, on which the tenants rely, is, that the evidence introduced was not sufficient to show a legal town meeting in Bethlehem, on the second Tuesday of March, 1828. This objection is well taken. It does not appear when, or where, the warrant for holding the meeting was posted up. The certificate

---

* PARKER, J. having been of Counsel, did not sit.

Nelson
v.
Pierce et a.

of the selectmen is altogether insufficient. It should state the day when the warrant was posted up, and that it was posted up at a public place, which should be mentioned in the certificate.

Another objection to the title is, that the land was taxed as the land of a nonresident, when the owner, Jonathan Nelson, lived in the town. But it is a legal answer to this objection that it was not known to the selectmen that he was the owner, and that, when called upon for an account of his taxable property, he made no mention of this land. We think that, under these circumstances, the land was rightly taxed as the land of a nonresident.

A further objection to the title is, that it does not appear that the land was duly advertised for sale, in Bethlehem. It is by no means clear that the affidavit of any other person, than the collector, is admissible to prove the advertisement duly posted up in these cases. But, however that may be, it is a fatal objection to this affidavit that it does not state when the advertisement was posted up. It is not enough that it states the advertisement to have been posted up more than eight weeks. We cannot know how he computes time in such a case. The affidavit should state the day when the advertisement was put up and then we can see whether it was put up in due season.

We are of opinion that the verdict must be set aside, and

*A new trial granted.*