<div style="float:right">The State<br>v.<br>Leonard.</div>

## THE STATE *versus* LEONARD.

The sergeants of militia companies are to be appointed by the captain and subalterns of the company, and commissioned by a warrant signed by the colonel of the regiment, and such warrant, issued by the colonel to an individual as sergeant of a militia company, is sufficient evidence of his having been duly appointed by the commissioned officers of the company.

Where there is but one company of infantry in a town, the presumption is that the limits of the company are coextensive with the limits of the town, and in such case evidence that the field officers have prescribed the limits of the company is not required.

A captain of a militia company is authorized, when there is no sergeant in his company except the orderly sergeant, to issue orders, for warning his company, to one or more of the privates, and parol evidence is admissible, in some cases, to show, that at the time he so issued his orders there were no sergeants, except the orderly sergeant. When individuals who have been

appointed sergeants, are afterwards discharged from office, and remain members of the company, the discharge being an official act ought to be proved by a record ; but vacancies occur from death, or removal to a different place, and such events are not usually made matter of record, and are proper subjects of parol proof.

Where the captain of an infantry company, in which there were no sergeants except the orderly sergeant, issued his orders, for warning the members of the company, to an individual as a private in his company, such individual living at the time within the limits of the company, and being a subject of military duty,—and the individual to whom the orders were thus issued yielded obedience to them, and warned the members of the company ; it was held, that it was not a sufficient defence for a member so warned to show that the person to whom the orders were issued, and by whom he was warned, had the year previous enlisted into a light infantry company, and had done duty in that company, and that he had not been discharged,—the enlistment having been made under circumstances which rendered its validity questionable, and the individual himself not having deemed it expedient to contest his being legally a private in the infantry at the time.

COMPLAINT by Benjamin Doe, as clerk of the company of infantry, in Pembroke, commanded by Aaron Whittemore, jr. setting forth, that the respondent being a private in said company, and having been duly notified to meet with the company on the seventh day of May, A. D. 1833, did unnecessarily neglect to appear.

The cause came to the court of common pleas on appeal from the decision of a justice of the peace, and was tried at the September term.

The complainant, to prove that he was clerk of the company, offered in evidence a warrant to himself, dated April 29, A. D. 1833, signed by the colonel of the regiment, reciting that he had been appointed first sergeant of the company, and requiring him to discharge the duties of the office ; and evidence, also, that he on the same day took the oath of office; but no other evidence was offered to show that he had been appointed by the captain and subalterns of the company. The respondent objected to the sufficiency of the evidence.

It was proved, that the respondent resided in Pembroke, and that there had not been, at any time, more

than one company of infantry in that town ; but no evidence was offered, that any limits to said company had ever been prescribed by the field officers of the regiment. The respondent objected, that he was under no legal obligation to perform military duty, unless enrolled in a company whose limits had been thus prescribed, and that such evidence was essential to the maintenance of the prosecution.

On the 29th of April, 1833, the captain issued his orders to one Charles W. Boardman, as a private in the company, directing him to notify and warn the members of the company by name, and, among others, the respondent, and on the 30th of April the respondent was notified to appear, by Boardman, in pursuance of those orders, but he neglected to attend.

For the purpose of showing that the orders might lawfully issue to a private, parol evidence was introduced to prove, that, at the time, there were no sergeants in the company, except the first or orderly sergeant, but the particulars of the parol proof did not appear in the report. The respondent contended, that this fact could be proved only by the records.

He objected, farther, that Boardman was not a private in the company at the time the orders were issued to him, and that the captain, therefore, could not lawfully issue an order to him, to notify and warn the members, even if there were no sergeants.

On this point, the captain of a light infantry company, in said regiment, testified, that in April, 1832, Boardman enlisted into his company, and was enrolled therein—that he equipped and uniformed himself according to the uniform worn by said company at the time, and for several years previous, and that he performed military duty with said company that year—that at the time of Boardman's enlistment, the infantry company from which he enlisted was full without him, and that he the captain gave notice, in writing, of Boardman's having so enlisted, to the

captain of said infantry company. There was no other evidence of the facts than the testimony of this witness.

It appeared that Boardman, at the time, and previously, resided in Pembroke, and it was admitted that he did not receive a discharge from the light infantry company until the 2d of May, 1833.

It further appeared, that the uniform in use by said light infantry company at the time, was different from that prescribed in an order of the field officers dated in 1822, and it did not appear that any subsequent order, upon this subject, had been made by them.

The objections of the respondent were overruled, and a verdict for the State, thereupon, taken by consent, and the case transferred to this court, for consideration of the foregoing exceptions.

*I. Bartlett* and *Peaslee* for the State.

*S. Fletcher*, for the respondent.

PARKER J. The first objection to be considered, is, that there was no sufficient evidence that Doe was clerk of the company of infantry, and that the complaint by him cannot, therefore, be sustained.

The constitution provides that the captains and subalterns, in the respective regiments, shall be nominated and recommended, by the field officers, to the governor, who is to issue their commissions immediately upon the receipt of such recommendation, and that the commanding officers of regiments shall appoint their adjutants and quartermasters, the brigadiers their brigade majors, the major generals their aids, and the captains and subalterns their non commissioned officers.

By a statute provision the officers of the regimental staff are to be commissioned by the governor, and the sergeant's warrants signed by the colonel of the regiment.

We are not aware of any case, in which a court has

State
v.
Leonard.

required evidence of a recommendation to the Governor, by the field officers, or a record of an appointment, by commanding officers of regiments, of such officers as are to be recommended, and appointed by them respectively.

The commissions issued to such officers, by the governor, are uniformly held to be the proper evidence of their appointments, and, upon the same principle, the warrant of the colonel in this case, by which Doe was commissioned as first sergeant, who is clerk ex officio, and which was issued in pursuance of the statute, was sufficient evidence that Doe had been legally appointed by the commissioned officers. We are not to presume that the colonel has disregarded the law, and issued a warrant to an individual not properly appointed ; and his warrant is as conclusive evidence of the due appointment of Doe, as first sergeant, as the commission of the governor would be, of the regular appointment of one of the regimental staff, who by statute are to be commissioned by him. In fact, the reason why the statute has provided that such warrants should issue, must have been that they may be evidence of the appointment.

The next exception is, that no sufficient evidence was offered of the limits of the company.

By the statute of 1829, the companies in the towns of Concord, Pembroke, &c. are recognized as existing companies, and are made to constitute the eleventh regiment.

It was in evidence that there had not been at any time, more than one company of infantry in the town of Pembroke, and, in the absence of other evidence, the presumption is that the limits of that company are coextensive with the limits of the town, and the fact cannot admit of a doubt, for otherwise the inhabitants of a portion of the town might be wholly exempt from military duty. Under such circumstances, it is not necessary that there should be evidence that the field officers have exercised the power, given them by statute, of prescribing and altering the limits of companies, as the limits are

sufficiently defined without its exercise ; and, as the respondent was an inhabitant of Pembroke, he was of course within the limits of that company.

Another objection is, that parol evidence was admitted to show that there was no sergeant in the company but the orderly sergeant, in order to prove that the captain might lawfully issue his orders to a private, to warn the members.

But this objection, as stated, cannot avail. If it had been attempted to show that individuals who had held the office of sergeant, and who still resided within the limits of the company, had been discharged from the office, by the company officers, such discharge, being an official act, should have been recorded, and the record would have been the proper evidence. But vacancies in such offices often result from removals to places not within the limits of the company, and from death, which are not usually, if ever, made matter of record upon the company books, and such facts are the proper subjects of parol evidence. A record of such facts would be no better evidence of the facts than the testimony of a witness on the stand.

It does not appear, from the case, that the testimony was offered to prove a discharge of any individual who had previously been a sergeant, and the objection being to the admissibility of parol evidence, generally, to show that there was no sergeant, it must be overruled.

The remaining exception is, that Boardman to whom the orders were directed, and who executed them by warning the respondent, was not, at the time, a private in the company, he having the year before enlisted into the light infantry.

The statute provides, that when there is no sergeant, except the orderly sergeant, the captain may issue his orders to one or more of the privates of his company, requiring him or them to warn the members.

Upon the literal construction of the statute, for which

the respondent contends, it might be questionable whether there is sufficient evidence that Boardman was ever legally a member of the light infantry, as it does not appear that he himself ever gave any notice, in writing to the captain of the infantry, of his enlistment ; nor that he uniformed himself according to the uniform before that time prescribed by the field officers, although he did according to that actually worn by the light infantry at the time of his enlistment.

It might be questioned, also, whether there was any competent evidence that the company from which he enlisted was full at the time, so as to authorize his enlistment, as rolls of companies are to be kept, and the numbers should of course appear of record ; and it might farther be contended that the records of the light infantry should have been produced, to show his enlistment into that company.

How far these circumstances might avail, in defeating that enlistment, and to hold him still subject to the orders of the captain of the infantry, if he were now contending that he was not bound to obey such orders, we give no opinion.

The clause, in the statute, authorizing the captain to issue his orders to a private, where there are no sergeants, was enacted to provide a mode in which he might have his orders executed, and it is sufficient, in this case, that Boardman himself did not think proper to resist the authority. He considered the order obligatory upon him as a private in the company, and he executed it as such private. There were perhaps sufficient doubts about the validity of his enlistment, to render this a prudent course for him, and as he lived within the limits of the company, was a subject of military duty, and yielded obedience to the order, we are of opinion, that under these circumstances, it is not competent for the defendant to object to the warning.    As to him Boardman was a private.

VOL. VI.    56

He was a private in fact, and a warning by him was sufficient to put the respondent upon enquiry whether the orders actually issued from the captain, and to render a neglect to obey them at his peril.

How it might have been, had the orders to warn been directed to, and executed by, a person who evidently could not be enrolled in the militia, as a female, or a blind man, or by one who did not at the time reside within the limits of the company, it is unnecessary to decide.

We hold Boardman to be a private, for this purpose, inasmuch as he lived within the limits, was liable to perform military duty, yielded obedience to the order, and thereby acknowledged its authority as binding on him, and this under circumstances which at least made it questionable whether it was not so.

Had the respondent thought proper to enquire, he would have ascertained that the orders issued from competent authority. If he chose to neglect that enquiry, it is not for him to ask a settlement of what might be a disputable question between Boardman and the captain, when the former did not think it expedient to contest the matter himself.

There must be, therefore,

*Judgment on the verdict.*