### ANDREW WIGGIN *vs.* LUTHER FITCH.

In an action for deficiency of arms and equipments against one who was liable to do duty as a private in a company of militia, and who was notified to appear at the time and place of meeting of the company for inspection, and who did so appear, it furnishes no defence, if the name of the private, giving such notice, be omitted in his order from the commanding officer to warn the men.

ERROR to reverse a judgment rendered by a justice of the peace, in an action brought by *Wiggin* against *Fitch*, to recover a fine for deficiency of arms and equipments at the annual inspection. The facts appear in the opinion of the Court. At the trial before the justice the defendant objected, that he was not legally and sufficiently notified of the time and place of parade and inspection of the company, because of the omission of the name of the private warning him in the order. This objection was sustained by the justice. The plaintiff's counsel insisted, that the appearance of the defendant was a waiver of the objection. The justice decided, that the appearance did not preclude the defendant from making the objection, and gave judgment for the defendant. These decisions of the justice were assigned for error.

*Swasey* argued for the plaintiff in error.

1. The order was sufficient. *Militia Act of* 1834, *c.* 121.

2. If there were any defects in the order, it was a mere informality, or clerical mistake, not sufficient to render the order ineffectual. *Commonwealth* v. *Cutter,* 8 *Mass. R.* 279 ; *Commonwealth* v. *Derby,* 13 *Mass. R.* 433 ; *Field's case,* 9 *Pick.* 41 ; *Smith's Court Martial Rep.* 57, 68, 83.

3. The want of the name of *Davis* in the warrant was properly amended according to the truth, as it might be at any time. *Avery* v. *Butters,* 9 *Greenl.* 16 ; *Hearsey* v. *Bradbury,* 9 *Mass. R.* 95.

4. As the defendant was in fact duly notified, and did appear, and put himself under the orders of the captain, it was not competent for the defendant to object to the omission in *Davis's* order. *State* v. *Hill, Smith's C. M. Rep.* 83 ; *stat.* of 1834, *c.* 121, § 44, *art.* 29.

*S. Longfellow, Jr.* argued for the defendant, that as *Davis* was not authorized to warn the defendant, the warning was wholly void, and the defendant under no obligation to perform any duty. If he voluntarily did some duty, he might cease when he pleased. If there was any waiver, it could only be as to his own personal conduct ; but he must be taken, if received as a volunteer, as he was, without arms and equipments, and could not be made responsible for their absence.

The opinion of the Court was, after a continuance for advisement, drawn up by

EMERY J. — The only question which arose in this case was on the company order. It began, " Militia of *Maine.* Company order. To ———— You are hereby ordered to warn and give four days notice to all the non-commissioned officers and privates enrolled under my command, a list thereof being hereunto annexed, to appear with arms and equipments required by law." It was in writing, properly dated, and signed, " *Robert A. Sanborn,* Commanding Officer of the 6th Company of Infantry in the 2d Reg't, 1st Brig. 5th Division," and appointed the time and place of appearing, for military duty and inspection. To this order was annexed a list of names, among which was the defendants, and also that of the said *James C. Davis. This order was received by the said Davis, as an order to*

*him from said Captain,* and he immediately proceeded to notify the persons whose names were annexed to the order. He notified the defendant, by delivering to him in person, an order in due form. The order was duly issued, recorded and returned. The name, *James C. Davis,* was not inserted at the top when the order was delivered to him. The place now filled by his name was at that time a blank.

The defendant appeared at the time and place appointed but was deficient of arms and equipments.

A primary object of the *stat.* of *March* 8, 1834, *c.* 121, to organize, govern and discipline the militia of this State, was to secure the assembling of a portion of the militia, and the production of arms and equipments on the first *Tuesday* of *May*, the stated time of annual inspection, for the purpose of enabling the officers to ascertain the situation of the troops, in arms and equipments by law required, on the proper notice given. When so assembled; the 17th, 20th, 21st, and 22d articles of the militia law were designed to secure the safety of lives against accidents, decorum toward officers, obedience to command, and regularity in discipline.

To ensure notice, the commanding officer is to issue his orders to a non-commissioned officer or private. The statute does not say that the name of the private shall be inserted in any particular part of the order, though the form seems strongly to indicate that it should be near the beginning. In this case, the list of the company annexed, described the person to whom the order was delivered, as one of the privates of the company. If the private was himself dissatisfied with the address, possibly, he might have taken exception, and probably might have obtained an amendment on the spot. And he might waive this particularity of form. But receiving the order without exception as to the form of the address, and proceeding to execute the duty, and return the order as executed, it would be too late for him to seek exemption from the obligation to completely perform the duty, which he had undertaken, merely on account of the omission of inserting his name previous to " you are hereby ordered," when he deliberately admitted that he was so ordered, by entering on the performance of it. No one can but applaud the prudence of his conduct, for had he refused or neglected, having accepted and received it as an order issued to him,

he would stand exposed to an indictment under the 23d article for disobeying the order.

He was invested with authority to warn. The warning was given by a private of the company. This was sufficient to put the defendant on inquiry, whether such order was given by the competent authority. At his peril he has disobeyed it. *Commonwealth v. Cutter,* 8 *Mass. R.* 279; *Commonwealth* v. *Derby,* 13 *Mass. R.* 433.

We do not perceive any objection to the inserting the name of *James C. Davis* after it was delivered to him, for it only conformed to truth. *Avery* v. *Butters,* 9 *Greenl.* 16.

Even where property may be attached, where the *ad damnum* in a personal action did not exceed $70, it could be served by a constable, a writ was so served and returned without being directed to the constable. And on motion, leave was granted to amend, as being a mere matter of form. *Hearsey* v. *Bradbury,* 9 *Mass. R.* 95.

It cannot be the right of the private warned, to quarrel with the submission of the person ordered to warn to the Captain's order for that purpose; provided that person was, in truth, a non-commissioned officer, or private of the company.

A case having some analogy to this has been the subject of judicial decision. In the *State* v. *Leonard,* 6 *N. H. Rep.* 435, where one, who had enlisted into a *light* infantry company of the regiment, and was not discharged, but was within the limits of the company to be warned, received an order to him as a private in the infantry company to warn the members of it, and did so. The Court held that he was a private in fact, yielded obedience to the order, and thereby acknowledged its authority as binding on him, and a warning by him was sufficient to put the respondent on inquiry, whether orders actually issued from the Captain. It was not for the respondent to ask a settlement of what might be a disputable question between *Boardman,* the private warning, and the Captain, when the private, warning, did not think it expedient to contest the matter himself.

With as little propriety, after attending at the *time and place appointed,* can this defendant, *on this prosecution for deficiency of arms and equipments,* allege his want of being regularly warned.

By appearing, he admits himself to have had notice. In *Wood* v. *Fletcher*, 3 *N. H. Rep.* 61, *John A. Fletcher* was enrolled in the militia by name of *John Fletcher*. *John A. Fletcher* appeared at the training and answered to the name of *John Fletcher*, but was not equipped as the law directed. The suit was against the father for his son's neglect, and it was objected that *John A. Fletcher* was not enrolled, because not enrolled by the name of *John A. Fletcher*. But the court held, that as he appeared at the muster, and answered to the name of *John Fletcher*, it seemed to them to be too late now for him, or his guardian to make that objection.

From the whole record of the proof in the present case we understand, that the defendant appeared and answered at the time and place appointed.

But whether he answered or not, he was there, and he should have had his arms and equipments too, agreeably to law.

We conceive that the company order to *Davis*, so accepted and received by him, was a valid one. That the defendant was properly warned. That the magistrate erred on both points, which he decided on giving judgment for the defendant.

The general error is well assigned. The judgment must be reversed, and a trial may be had at the bar of this Court.