## JONES *v.* FRENCH.

One who has been duly elected, by the proper persons, second sergeant of a company, and has entered upon the discharge of his proper duties, is *de facto* an officer, and his official acts are binding, so far as to give title to such as claim under them, although he has not received a warrant from the proper officers of the company, and is not an officer *de jure.*

One, not of the age of 18 years, cannot regularly serve as a private, or as a sergeant in a company; and though he consent to do so, his acts are not binding. *Semble.*

A warning to meet at the store of J. B., there being such a store within the limits of the company, is sufficient, without naming the town.

Jones *v.* French.

A return of a sergeant upon an order, that he gave notice, &c., "more than four days before said day of training," is illegal. It should state the day on which the notice was given.

COMPLAINT, filed before a justice of the peace, to recover a fine of two dollars, alleged to have been incurred by the defendant for unnecessarily neglecting to appear at a training and inspection of the third company of infantry, in Farmington, in said county, in the thirty-ninth regiment of New-Hampshire militia, on the 16th day of May, 1843, at one of the clock in the afternoon, near Hiram Blake's store, in said Farmington.

Plea of not guilty was filed.

Samuel Jones was captain of said company, duly commissioned and sworn; the complaint was filed before the justice at the choice of the captain; the defendant resided within the bounds of the company, was duly enrolled, and was above the age of eighteen years, and under the age of forty years. The captain, with his subalterns of said company, on the 2d day of May, 1842, appointed said Joseph R. Jones first sergeant of the company. Jones resided within its limits. A warrant dated May 5, 1842, signed by the colonel, and countersigned by the adjutant of said regiment, was, on said day, delivered to said Jones, as said first sergeant; and he, on the sixth day of said May, duly made and subscribed the oath of allegiance and oath of office as such sergeant. The captain and subalterns, on the 22d day of April, 1843, appointed one Charles C. Whitehouse, who resided within the bounds of said company, and was not eighteen years of age till May 20, 1843, second sergeant. A warrant, signed by said colonel and countersigned by said adjutant, dated May 1, 1843, was delivered to said Whitehouse as second sergeant; and he, as such, on the fifth day of said May, duly made and subscribed the oath of allegiance and oath of office. Jones and Whitehouse never had any warrants as sergeants of said company under the hand of the

captain, and countersigned by the clerk of said company. The captain issued his order, to which was annexed the name of the defendant, in the words following: "To Chas. C. Whitehouse. You are hereby ordered and directed to notify and warn, as the law requires, all the non-commissioned officers and privates whose names are hereunto annexed, in the company under my command, to appear at Hiram Barker's store, on Tuesday, the 16th day of May, 1843, at one o'clock in the afternoon, with arms and equipments required by law, for military duty. Hereof fail not, and make due return of your doings herein, on or before the day of appearance. Dated at Farmington this 6th day of May, Anno Domini 1843. Samuel Jones, captain, or commanding officer of said company." One Hiram Barker then had a store in said Farmington. Charles C. Whitehouse made his return on said order, under date of May 15, 1843, and verified by his oath as follows: "Pursuant to this order I have notified and warned the within named Seth Meserve and Charles French to appear at the time and place of parade within named, uniformed and equipped as the law directs for military duty, by handing to each one in person a printed notification, by me signed, more than four days prior to the said day of training, stating the time and place of parade." The defendant did not appear at said time and place of parade.

It was agreed by the parties that if the court should be of opinion, on the above facts, that said complainant is entitled to recover, judgment should be rendered him for said fine and costs; otherwise for the defendant for his costs.

*Eastman*, for the plaintiff.

*Hobbs*, for the defendant. The captain is the party to the complaint. 2 Stark. Ev. 29; 3 Stark. Ev. 1318; 1 Gr. Ev. 213; 1 Phil. Ev. 72.

Jones *v.* French.

Whitehouse had not a warrant, signed by the captain and countersigned by the clerk.

The case does not find that notice was given more than four days before the training. The return is insufficient to show that fact.

Whitehouse was under eighteen years of age, and so could not have served as sergeant.

WOODS, J. Several questions are presented by this case. 1. The Revised Statutes, chapter 93, section 7, prescribes the manner in which the sergeants shall be appointed, and it appears that the complainant and Whitehouse were appointed in the manner so prescribed, were sworn into office, and entered upon the discharge of their appropriate official duties. But they had neither of them warrants under the hand of the captain, countersigned by the clerk of the company, as the statute requires.

But Whitehouse was not a mere usurper. He was in under color of a legal election, and was a sergeant *de facto*. His official acts were therefore sufficient, and their validity cannot be drawn in question in a controversy between other parties. *Huntoon* v. *Kidder*, 3 N. H. Rep. 482.

2. Was Whitehouse, by reason of his age, disqualified to hold the office of second sergeant in the company, and to serve the notice as ordered by the captain?

He was not of an age to be required to do military duty. He could not have been legally enrolled in the company, nor of course have been required to accept an appointment, or to obey an order, either as a sergeant or as a private.

In *State* v. *Leonard*, 6 N. H. Rep. 435, the order was executed by one whose liability to be enrolled as a private was questioned, upon the ground that he had previously been enrolled as a private in another company. This was admitting the enlistment to have been free from exception—a personal privilege on the part of the private—

and he did not see fit to take advantage of it; and as he was otherwise liable to be enrolled and fit to be enrolled, his execution of the order was deemed to have been sufficient.

But it may well admit of a question whether one who has not attained an age at which he is liable to be enrolled for military duty, is capable of holding a warrant or commission. It is not on the ground of personal privilege but of legal incapacity, that such are rejected from the ranks. Such are not capable of being *de facto* privates, any more than women and children are.

3. Was the order sufficiently specific in not naming the town in which the parade was to be held? There is no evidence that there were more places than one, that could have been designated by the description contained in the order. One place within the limits of the company was well described. It is not to be presumed that any one would have looked for Barker's store elsewhere. The place seems to have been sufficiently described.

4. But in one particular the proceedings were clearly defective. The return was not sufficient evidence that notice had been given to the defendant in sufficient time to answer the requirements of the law.

All returning officers are ministerial, and should set forth in their returns all the acts by them done, so that it may appear whether they have fully and correctly discharged the duty which they have undertaken to do, or not. They are not competent, in contemplation of law, to judge of the legality of a notice or service, and a return that a precept has been legally served, or that the duty enjoined by a warrant has been duly performed, would clearly be insufficient. *Perry* v. *Dover,* 12 Pick. 206.

A return by an officer, that " after giving public notice of the time and place of sale, agreeably to law in such cases made and provided," &c., was held to be a defective return. *Wellington* v. *Gale,* 12 Mass. 483.

So also a return by an officer, that " after advertising, as the law directs, I this day sold at public vendue," &c., was an insufficient return of a notice of sale, to pass an equity of redemption in real estate. *Davis* v. *Maynard,* 9 Mass. 242.

A return by an officer upon an execution that he had given the bail " a written notice, as by law directed," was decided to be insufficient; and it was held that the return should state what notice was given. *Goodwin* v. *Smith,* 4 N. H. Rep. 29.

So also the certificate of the selectmen upon a warrant for a town meeting, in these words: " March 12, 1822; lawfully posted up a true copy of the within articles," was held to be insufficient proof that the meeting was legally warned. *Prop. Cardigan* v. *Page,* 6 N. H. Rep. 182.

The certificate of selectmen that a warrant for holding a town meeting "has been duly posted up more than fifteen days," is not sufficient to show a legal notification of the meeting. It should state the place where and the time when the warrant was posted up. *Nelson* v. *Pierce,* 6 N. H. Rep. 194. In the same case it was held that an affidavit filed by a collector, that an advertisement of the lands of non-residents for sale for taxes had been posted up more than eight weeks, was, for the same cause, insufficient.

In the present case, the return is open to the same objection. It states that the notice was served "more than four days prior to the said day of training." The day on which it was served ought to appear by the return, in order that it may appear what the officer has done. The service might, for anything that appears, have been made on Sunday. The form in which the return is made is objectionable, upon the ground that the party to be charged by it, and who has a remedy in case it is false, has a right to such particularity as will enable him to prove its inaccuracy, if any has been committed.

But, without assuming to point out, in any particular case, the possible mischiefs that might result from a departure from the exact degree of precision and particularity required in such returns, and in certificates of the acts of public officers, it is sufficient to refer to the cases in which it has been held that a degree of exactness was necessary and proper for the due protection of personal rights and of. public order, that has not been practiced in the present instance.

. A return is designed to show what acts have been performed, and the order and manner in which they have been performed by the officer who makes the return. It is not enough that he has executed his duty in a manner that he deems due and sufficient. He must show what he has done, so that any deflection from the due and legal course of proceeding may be detected upon the face of the return itself.

There must, for the reasons assigned, be

*Judgment for the defendant.*