## WILLIAM NEELSON  *vs.* CALEB SANBORNE.

*A.* gives *B.* a note of hand, and afterwards *C.* signed an agreement on the back of the note as follows, "I guarantee the payment of the contents of the within "note to *B.*, the one half within six months, and the other half within twelve "months;" it was held, that this was a sufficient memorandum of the agreement within the statute of frauds.

ASSUMPSIT. *B. Stevens* and *M. Hall* gave the plaintiff a note of hand in the following words: " *Ryegate, August* 28, 1818. For value received, we the subscribers jointly and severally promise to pay *William Neelson,* of Ryegate, seventy-eight dollars by the first day of March next." And the defendant signed an agreement on the back of the note, as follows: " *Barnet, Aug.* 26, 1819. I guarantee the payment of the contents of the within note to *William Neelson,* the one half within six months, and the other half within twelve months." And upon this the action was founded.

The cause was tried here upon the general issue, at May term, 1821, when the court being of opinion that as this was a contract to pay the debt of another, not only the promise, but the consideration also upon which the promise was founded, must be in writing; directed the jury that no action could be maintained upon the promise, no consideration being expressed in the memorandum of the contract, and the jury returned a verdict for the defendant.

Neelson
vs.
Sanborne.

(1) 1 N. H.
Laws 178.

The plaintiff moved for a new trial, on the ground that the jury had been misdirected in a matter of law.

*Goodall*, for the plaintiff.

*Bell*, for the defendant.

RICHARDSON, C. J.   The statute of Feb. 10, 1791,  sec. 1, (1) enacts, " that no action  shall  be brought, whereby to " charge any  executor  or  administrator upon any special " promise  to  answer damages  out  of  his own  estate ; or " whereby to charge the  defendant upon  any  special pro- " mise to answer for the debt, default or miscarriage of anoth- " er person, or to charge any person upon an agreement made " upon consideration of  marriage,  or upon  any  agreement " that  is  not to be performed within  the space of one year " from the time of making  it,  unless such promise or agree- " ment, or some memorandum or  note thereof be in writing, " and signed by the party to be charged therewith," &c.

It is well settled, that no action can be maintained upon a promise, in a case  where  a  statute requires *the agreement* to be in writing, unless the consideration  of  the promise is,  as well as the promise itself, in writing.   *Phillips' Ev.* 440.— *Sugden's  Law of  Vendors* 43, *note.*—5 *East.* 10, *Wain vs. Warlters.*—3 *Johnson* 210, *Sears vs.  Brink.*—6 *East* 307, *Egerton vs. Mathews.*—5 *Cranch* 151.

It is contended, that these decisions are founded upon the particular import  of the word " *agreement*," and that a dif- ferent rule is to be  adopted  when  " a  *promise*" is required by statute to be  in  writing, and there are unquestionably dicta and decisions in the books which countenance this dis- tinction.   But the language  of our statute is " unless *such* promise or agreement, &c. be in writing," the word *such* re- ferring  particularly to the promises and agreements before enumerated.   So that if the distinction for which  the plain- tiff's  counsel contends, be adopted here, we must hold that in cases of promises by  executors and administrators to an- swer  damages  out of their own  estate, and of promises to answer for the debt, default, or miscarriage of  another per- son, it will be sufficient if the  promise only be  in  writing : but in cases  of  agreements made  in  consideration of mar-

riage, and of agreements not to be performed in a year, not only the promise, but the consideration must be in writing.

It is, however, unnecessary in this case to settle the question, whether the legislature intended to make this distinction, because we are satisfied that a sufficient consideration is necessarily implied from the terms of this contract. The defendant guaranteed the payment of the note, one half in six, and the other half in twelve months. This we consider, in effect, a promise to see the debt paid in six and twelve months, if the plaintiff should so long forbear to collect it of the original debtors, and without such forbearance it is clear, this defendant could never have been liable. It is not necessary that the plaintiff should have agreed to forbear; it is enough that he did actually forbear. In the case of *Stapp vs. Lill,*(1) which was assumpsit upon a written agreement, in the following words: "I guarantee the "payment of any goods which Mr. *John Stapp* shall deliv-"er to Mr. *Nichols,* of Brick-lane," the court held that though by the agreement the plaintiff was not obliged to deliver the goods, there appeared a sufficient consideration for the defendant's promise to be answerable if any should be delivered. 9 *East* 348, *S. C.*—8 *Johnson,* 29, *Leonard vs. Vridenburgh.*—12 *Mass. Rep.* 139.—4 *Johnson* 237.—*Cro. Eliz.* 387, *May vs. Alvares.*

There is no doubt that forbearance is a sufficient consideration, and as in this case such a consideration is necessarily implied from the terms of the contract, we are of opinion that the case is not within the statute of frauds, and that there must be

*A new trial granted.*

(1) 1 Campbell 242.