## JONATHAN SMITH *vs.* SAMUEL CHAMBERLAIN.

It is not essential to the validity of a deed in this state, that the subscribing witnesses be *competent* to prove its execution at the time when they put their names to it as witnesses.

THIS was a writ of entry, brought to foreclose an equity of redemption upon a mortgage, and was tried here at September term, 1820, upon the general issue, when a verdict was taken for the demandant, subject to the opinion of the court upon the following case :

*Billy Gilman*, being seized of the demanded premises, on the 20th April, 1818, made a deed of that date, purporting to convey the same premises to the demandant, in fee and in mortgage, to secure the payment of a note of hand, dated the same 20th April, 1818, made by the said *Gilman*, for $450, and payable to said *Smith* in six months, with interest. There were two subscribing witnesses to the deed ; but one of them, when called to prove the execution of the deed, stated, that at the time of the making of said deed, he held a note against said *Billy Gilman*, the amount due on which was $101 61, which sum was included in and made part of the said sum of $450, included in said note from *Gilman* to *Smith*, and was rejected as an incompetent witness. The other subscribing witness being called, and testifying that he saw the deed executed and delivered, it was objected, that the deed ought not to go to the jury, because there was only one competent witness to its execution and delivery ; but the court permitted the deed to be read to the jury.

The tenant then shewed a judgment in his own favor against said *Billy Gilman*, and an execution duly extended upon the demanded premises, on the 21st September, 1818, subject to the said mortgage to the demandant.

*Tilton*, for the demandant.

*Sullivan*, for the tenant.

RICHARDSON, C. J.   By the statute of February 10, 1791, sec. 4,(1) it is enacted, " that all deeds or other conveyances " of any lands, tenements, or hereditaments lying in this " state, signed and sealed by the party granting the same, " having good and lawful authority thereunto, and signed " by two or more witnesses, and acknowledged by such

(1) 1 N. H. Laws 191.

" grantor or grantors before a justice of the peace, and re-
" corded at length in the registry of deeds, in the county
" where such lands, &c. lie, shall be valid to pass the same
" without any other act or ceremony in law whatever."

Upon this clause in the statute, it was decided in this court
several years ago, that the signature of two witnesses was
essential to the validity of a deed to pass real estate, and
that nothing passed by a deed signed only by one witness.
It is now contended, that a deed must not only be signed by
two witnesses, but that they must be competent witnesses at
the time they put their signatures to the deed. It has been
urged, that we ought to put the same construction upon this
act, which has been put upon the statute of wills. It is now
well settled, that the subscribing witnesses to a will must be
competent witnesses to prove its execution at the time of
their attestation. 1 *N. H. Laws* 198.—1 *Ld. Ray.* 505.—
*Comyn's Rep.* 90, 94.—*Carthew* 514.—12 *Mod.* 277, *Hilliard
vs. Jennings.*—2 *Strange* 1253, *Ansley vs. Dowsing.*—1 *W.
Bl.* 8, *S. C.*—1 *Burr.* 414, *Windham vs. Chitwynd.*—1 *Mor-
gan's Essays* 251, 279.—5 *Mass. Rep.* 228, *Amory vs. Fellows.*
—*Phil. Ev.* 376.—3 *Cranch* 140.

But the cases upon the statute of wills do not apply. That
statute expressly requires " *credible*" witnesses ; and we ap-
prehend that the decisions which have finally settled the
construction of that statute rest upon the force of the word
" credible," as indicating an intention of the legislature to
require witnesses competent to prove the execution of wills
in a court of justice. The simple term " witness" imports
nothing more than a person who saw a transaction ; but
*credible witness* not only imports a person who saw, but
who is competent to testify what he saw in a court of justice.
There are instances in our statutes in which the term *witness*
is used in the sense of competent witness. Thus in " the act
" for the punishment of certain crimes,"(1) it is enacted,
" that if any person or persons, owing allegiance to this
" state, shall levy war, &c., and shall be thereof convicted,
" &c. on the testimony of *two witnesses*, &c., such person or
" persons shall be adjudged guilty of treason," &c. Here,

(1) 1 N. H.
Laws 210.

by the term " witnesses," must necessarily be understood, from the connexion in which it is used, *competent witnesses.*

In the clause of the statute now under consideration, there is nothing which indicates an intention in the legislature to require, that witnesses to a deed should be competent to prove its execution at the time they subscribe it as witnesses. We have been much at a loss to conjecture why two witnesses were in this instance required by the statute. Surely they were not intended to be placed round a grantor for the same reasons that they are placed round a testator. The most plausible conjecture is, that it was intended to render the proof of the instrument more certain. If this were the object, there is good reason to suppose that the word " witnesses" was, in this instance, used in the simple sense of spectators of the transaction. A witness competent at the time, might, in one hour, become incompetent; and a witness incompetent at the time, might, in one hour, become competent. All that could be done with this view by the legislature was to require, that deeds should be executed in the presence of two or more persons, who should put their names to the deeds as witnesses. It would have been idle to make the validity of the deed depend upon the competency of the witnesses at a time when they could not be wanted to prove the execution of the deed. We are therefore of opinion, that the witnesses to a deed need not be competent witnesses to prove its execution at the time they subscribe the deed as witnesses; and that there must be

*Judgment for the plaintiff.*