14   393
72   339

## UNDERWOOD *vs.* CAMPBELL.

Certain of the heirs at law to an estate, on the 10th day of September, 1828, executed an instrument by which they acquitted to one of the heirs all their interest in the estate. The instrument was not under seal, nor was any consideration expressed in it, nor was it attested by witnesses.

*Held,* that it was void under the Statute of Frauds as an agreement to convey lands, because no consideration was expressed.

That it could not operate as a deed under the statute of 1791, because it was not sealed nor witnessed.

That it was not a deed of bargain and sale, because not under seal; nor a covenant to stand seized, because there was no consideration of love and affection.

At common law, and under the Statute of Uses, an instrument in order to convey lands must be under seal.

*Semble,* that an instrument defective at common law for the want of a seal, may still be available in equity.

WRIT OF ENTRY, to recover a tract of land in Litchfield, called the David Campbell farm. The action was brought on the 30th day of July, 1841, and the demandant claimed an interest in the land, as heir of Sally F. Underwood, deceased, who was the wife of John Underwood.

The tenant pleaded *nul disseizin,* with a brief statement of the following matters in defence.

On the 10th day of September, 1828, John Underwood, and his wife Sally, in her right, being seized of a part of the demanded premises, in consideration of two hundred dollars advanced by the tenant for the use of the said Sally, and of certain articles of household furniture furnished her by the

tenant, accepted the same as a consideration for the convey-
ance of their interest in the premises to the tenant, and of
their interest in certain other lands, and agreed to hold the
same in trust for the use of the tenant, who, under said agree-
ment, took possession of the premises, and has ever since
held them.   On the first day of January, 1836, Sally Under-
wood died, leaving two children, of whom the demandant is
one, and her husband also, surviving her.   The tenant al-
leged that the demandant, as one of the heirs of Sally Un-
derwood, had no other right or interest in the demanded prem-
ises than as a trustee of a part thereof for his use.

It was in evidence that Sally Underwood was a daughter
of David Campbell, who once owned the premises.   He
died leaving eight children and heirs at law, of whom the
tenant is one.   The demandant claimed a right to recover
one undivided sixteenth part of the premises, as one of the
joint heirs of Sally Underwood, and offered in evidence a
quitclaim deed from John Underwood of all his interest in
the premises as tenant by the curtesy, dated on the 29th
day of July, 1841.

The tenant contended that the demandant had no right to
recover, because John Underwood, and Sally his wife, on the
10th day of September, 1828, together with the other heirs
of David Campbell, executed an instrument in the following
form, which, as the tenant alleged, barred them of all right
to recover the premises against the tenant.

"Know all men by these presents, that we, James Anderson
and Nancy, his wife, &c., &c., being heirs to the estate of
David Campbell, late of Litchfield, deceased, have acquitted
and do by these presents acquit for ourselves, our heirs and
assigns, all our right and title to the estate both real and per-
sonal that the said David Campbell died possessed of, unto
Smith Campbell, son of the said deceased, to him, his heirs
and assigns forever.   In witness whereof we hereunto set
our hands, this 10th day of September, A. D. 1828."

A verdict was taken, by consent, for the tenant; and it

was agreed that if the court should be of opinion that the above instrument was sufficient to bar the right of the heirs of Sally Underwood, judgment should be rendered for the tenant thereon; otherwise the verdict should be set aside and a new trial granted.

*Farley*, for the demandant. The instrument did not convey the land to the tenant. It was not a conveyance under the act of 1791. There were no witnesses to its execution, and it was not under seal. *French* vs. *French*, 3 *N. H. Rep.* 234.

A *feme covert* with her husband cannot make a binding covenant to stand seized of land in her own right. She is not bound by her covenant to levy a fine, &c. Her covenants are inoperative. She can only convey. 2 *Kent's Com.* 167. A covenant to stand seized must be under seal. 4 *Kent's Com.* 492.

The instrument was not a deed of bargain and sale. There is no pecuniary consideration expressed, and no evidence of any, and this is indispensable. 2 *Black.* 338; 2 *Kent* 492, 495; 3 *N. H. Rep.* 261. And it is very clear that real estate can never pass without a writing under seal.

*G. Y. Sawyer*, for the tenant.

GILCHRIST, J. The instrument referred to in this case cannot have the effect of an agreement to convey lands, because there is no consideration expressed in it. *N. H. Laws* 535, § 3, (*Ed. of* 1830;) *Wain* vs. *Warlters*, 5 *East* 10; *Neelson* vs. *Sanborne*, 2 *N. H. Rep.* 413. And parol evidence is not admissible to prove that the property advanced by the tenant, as set forth in the brief statement, formed the consideration for the instrument. This point is settled by the case of *Wain* vs. *Warlters*, and the numerous decisions which have since been made in accordance with it.

We have held that an instrument cannot operate as a deed, under the act of February 10th, 1791, unless it be

signed by two or more witnesses. *Smith* vs. *Chamberlain*, 2 *N. H. Rep.* 440; *French* vs. *French*, 3 *N. H. Rep.* 259. But it was held in the latter case, that a deed, attested by one witness only, may in certain cases operate as a covenant to stand seized, or as a bargain and sale, and so pass the estate. We have also held that since the passage of the act of June 29th, 1829, an instrument, attested by one witness only, cannot operate as a conveyance of land, even against the grantor and his heirs. *Stone* vs. *Ashley*, 13 *N. H. Rep.* 38. As the instrument in the present case bears the date of the 10th of September, 1828, its validity must be determined by the law as it existed prior to the passage of the act of 1829.

One of the requisites of a deed at common law, from the time of the Conquest, was a seal. *Co. Litt.* 35, *b ; Shep. Touch.* 50. This is still absolutely necessary, for no written agreement is considered a deed unless it be sealed. 4 *Cruise* 28. A seal is essential, in order that an instrument may operate as a conveyance under the Statute of Uses, 27 *Hen.* 8, *ch.* 10, which has been adopted in this state. *French* vs. *French*, 3 *N. H. Rep.* 234. When this act was passed, a bargain and sale of lands might be by parol ; but at the same session the Statute of Enrolments was enacted, 27 *Hen.* 8, *ch.* 16, which required a bargain and sale to be by writing, *sealed* and enrolled. *Roberts on Frauds* 270 ; 4 *Cruise* 112. The act of 1791, in mentioning a conveyance of land by way of bargain and sale, speaks of a *deed* of bargain and sale. *N. H. Laws* 191, *Ed. of* 1815. There is nothing in the act which implies that land may be conveyed by a writing not under seal, and the question therefore remains to be determined by the rules of the common law applicable to it. It has been held that a deed, defective in law for want of a seal, might still avail in equity. *Wadsworth* vs. *Wendell*, 5 *Johns. Ch.* 224. But in the case before us the defect is a fatal one.

A bargain and sale requires a pecuniary consideration,

though none need be expressed in the deed. 4 *Cruise* 110 ; *Jackson* vs. *Fish*, 10 *Johns.* 456. But even if the objection on account of the want of a seal did not exist, the instrument could not operate as a covenant to stand seized ; for the only consideration mentioned in the case is a pecuniary consideration, which of itself would be a sufficient reason why it could not avail as a covenant to stand seized ; that mode of conveyance requiring for its support the consideration of love and affection, which does not appear to have existed in this case, even if it might be proved, although not expressed in the instrument. 4 *Cruise* 120 ; *Rex* vs. *Scammonden*, 3 *T. R.* 474 ; 4 *Kent* 493.

As the demandant is entitled to one sixteenth part of the premises, the verdict for the tenant must be set aside, and there must be a

*New trial.*