Strafford
No. 78-127

PHYLLIS E. QUIMBY

v.

FOREST P. QUIMBY *& a.*

December 29, 1978

*Upton, Sanders & Smith*, of Concord (*Ernest T. Smith III* orally), for the plaintiff.

*James Koromilas*, of Dover, by brief and orally, for the defendant.

PER CURIAM. This equity proceeding concerns the ownership of property which Ina E. Perkins, the real defendant in this case, claims through a tax deed, and which purportedly was transferred at an earlier date to the plaintiff, Phyllis Quimby, by a divorce decree. We find no error in the trial court's determination that defendant Ina Perkins holds title.

The property in question consists of land and a residence located at 106 Mount Vernon Street in the city of Dover. In 1964, title to the premises passed by devise to Forest P. Quimby, former husband of the plaintiff. At that time the plaintiff and Mr. Quimby were estranged from one another and had not communicated in many years; the plaintiff did know, however, that Forest was living in New York with a woman who called herself Elsie May Quimby. In September 1964, Forest executed a quitclaim deed to the Dover property in favor of Elsie May Quimby. The deed was recorded in Elsie's name at the Strafford County Registry of Deeds, but it bore no seal and was not signed by the plaintiff. In March 1965, the plaintiff filed divorce proceedings against Forest, who, in April of that year, wrote a letter

declining appearance and indicating his wish that plaintiff be awarded "any property" he might own in New Hampshire. By decree dated July 6, 1965, the plaintiff was awarded the property free of all claims of Forest. The decree was never recorded. The plaintiff first learned of the purported conveyance to Elsie May in September 1965.

After her divorce the plaintiff took possession of the Dover residence and occupied it as her home. Upon learning of the attempted conveyance to Elsie May, plaintiff commenced a petition to quiet title against both Forest and Elsie May, but it was later dropped by her attorney, ostensibly without plaintiff's knowledge. The bill in equity and the writ in aid of it were recorded in the registry of deeds along with a notation on the deed to Elsie May stating that it was void and of no effect. The notation had been made by plaintiff's attorney.

Defendant Ina Perkins, a stepsister of Forest Quimby, became interested in acquiring the Mount Vernon Street property in 1965. She paid the 1965 taxes on the premises in 1966, and did the same in the years 1968 and 1969. She let the 1970 and 1971 taxes lapse, and in 1973, she redeemed the 1970 taxes and purchased the property at a tax sale. Ina received a deed from the city in July 1974, and thereupon notified the plaintiff of her claim of ownership. Like the quitclaim deed to Elsie May, the deed to Ina bore no seal. After receiving her deed, Ina made a demand for rent. When no rent was paid, she filed a writ of possession, RSA 540:13, in district court. The plaintiff, in turn, filed a plea of title, RSA 540:17, thus causing the case to be removed to the superior court, and also filed a bill in equity to quiet title in the superior court. Plaintiff's action to quiet title was joined with Ina's cause and tried by the court without a jury. Both Forest and Elsie May defaulted, and the court found in favor of Ina. The court ruled that Ina had good title to the property and that the plaintiff had to pay rent into the court during the pendency of the cause. Plaintiff's exceptions were reserved and transferred by *Dunfey*, J.

In reaching its decision, the trial court made several findings that were crucial to the outcome. The court found that the plaintiff paid the taxes on the premises only once during the entire time of her residence there, and further that she did this only after happening upon a notice of a proposed tax sale posted in the city hall. That was in 1967. At no time did the plaintiff notify the tax collector that she claimed ownership of the property or that she would consent to being taxed for it. Moreover, the receipt she was given when she paid

the taxes in 1967 read "paid by Phyllis E. Quimby," but listed Elsie May Quimby as the property owner. Although the plaintiff already claimed ownership of the property, she attended the tax sale held in 1967 with the professed intent to purchase. The court found, however, that her payment of the taxes constituted neither a purchase nor a redemption. Plaintiff never inquired of her ex-husband why the taxes had not been paid; neither did she notify the city tax collection office of her claimed ownership even though she continued to receive and return tax notices from the collector's office, albeit they were addressed to Elsie May Quimby. Based upon the plaintiff's annual receipt of the tax notices and her knowledge of property tax procedures gained from her ownership of other New Hampshire property, the trial court found that the plaintiff had actual knowledge of the yearly assessments against the Dover property.

The city tax collector testified that he searched the records at the registry in 1965 in an effort to locate the party to whom the taxes should be assessed. He located the deed from Forest to Elsie May and noted Forest's address; he also found the writ and the bill in equity which plaintiff had brought against Forest and Elsie May, as well as the notation above the deed stating it was void and of no effect and that Forest was willing to award the property to plaintiff. The collector attempted to locate Forest through the American Merchant Marine Institute in New York after his letters to the address shown on the deed had been returned, and he also inquired of the Coast Guard in Washington, D.C. The collector testified from notes he had made to himself and kept in the file. The notes further indicate that he contacted the plaintiff for information when she was livng in the house, and that she in turn checked with her lawyer who called the collector and advised him to let the house go for taxes but not to press the plaintiff.

■■ RSA 73:10 provides that real estate "shall be taxed to the person claiming the same, or to the person who is in the possession and actual occupancy thereof, if such person will consent to be taxed." Actual title is not required. *Piper v. Meredith*, 83 N.H. 107, 139 A. 294 (1927). The deed to Elsie May was an indication that she claimed ownership of the property. Even though the deed did not bear a seal, it was sufficient to establish her claim to ownership. It was therefore proper for the city to tax it to her. The plaintiff was the occupant and had purportedly been awarded the property under the divorce decree, but she never consented to be taxed as occupant and never notified the city that she either claimed the property or

wished that it be taxed to her. Although the collector saw the petition to quiet title and a notation by plaintiff's lawyer that the deed to Elsie May was void, he also at the same time had word from plaintiff's lawyer not to bother plaintiff about the taxes but to let the property go to tax sale. Under these circumstances the trial court correctly held that the collector would not be charged with notice of any claim by plaintiff which would require the city to tax the property to her. Thus there was no requirement of personal notice to her of the tax sale. The collector did not have to demand that plaintiff be taxed as occupant, *Greeley v. Beckman*, 75 N.H. 413, 75 A. 528 (1910), and there was no evidence that she would consent to be so taxed.

Neither is the sale to Ina Perkins invalidated by Ina's failure to notify the plaintiff of that sale. The record is devoid of evidence supporting the existence of any fiduciary or confidential relationship that would impose a duty on Ina to notify the plaintiff of the sale. *Langley v. Batchelder*, 69 N.H. 566, 46 A. 1085 (1899).

Plaintiff finally contends that the lack of a seal on the collector's deed makes it invalid. As the trial court stated, the requirement of a seal is "archaic"; yet, it was not until 1977 that the legislature abolished the requirement. RSA 477:16 (Supp. 1977). Although the lack of a seal on the 1972 deed prevented legal title from passing, it gave the grantee an equitable interest. *See generally Underwood v. Campbell*, 14 N.H. 393, 396 (1843); 7 G. Thompson, Real Property § 3263, at 477 (1962 Replacement) 4 H. Tiffany, Real Property § 1024, at 323 (3d ed. 1975). We hold that it was sufficient to cut off any rights of redemption under RSA 80:32, and that a deed with a seal may now be given by the city. The trial court's decree is affirmed.

*Exceptions overruled.*