Rockingham
No. 82-310

HELEN B. FILIP, ADMINISTRATRIX OF THE
ESTATE OF RAYMOND J. BOGDAN

v.

WILLIAM R. BOGDAN

January 26, 1983

*Ralph Stein*, of Salem, by brief and orally, for the plaintiff.

*Green & Green*, of Manchester (*Leonard S. Green* on the brief and orally), for the defendant.

DOUGLAS, J.   The defendant appeals from an order of the Superior Court (*Bean*, J.) approving a Master's (*Charles T. Gallagher*, Esq.) recommendation that the defendant's deed be set aside because it lacked a seal. We reverse and remand.

The defendant, William R. Bogdan, claims title to two tracts of land in Salem, New Hampshire, under a warranty deed in which his father, Raymond J. Bogdan, the decedent, conveyed the parcels to himself and the defendant as joint tenants with right of survivorship. The deed was dated April 30, 1977, was duly witnessed and acknowledged, and was recorded in the Rockingham County Registry of Deeds on May 3, 1977. The deed, when recorded, did not have the then customary wafer seal affixed to it. Five days later, the decedent died in a house fire.

Probate of the decedent's will was allowed within one month, and the plaintiff, Helen B. Filip, the decedent's sister, was appointed the executrix of the decedent's estate. The plaintiff, in her capacity as executrix, filed a petition in superior court to set aside the defendant's deed on the ground that the absence of a seal invalidated the deed under the version of RSA 477:3 in effect on the date of the conveyance. The plaintiff was the sole legatee and devisee under the decedent's will.

The defendant contended that the recitation of the phrase "witness my hand and seal" on the deed satisfied the sealing requirement of former RSA 477:3. In response to an order of the master, the defendant amended his answer to the plaintiff's petition in order to request equitable relief. In addition to a copy of the deed in question, an agreed statement of facts was submitted to the master, in which the defendant's attorney, who prepared the deed, stated that "it was the policy of his office to attach wafer seals to all such deeds."

On June 2, 1982, the master issued his report in which he found unpersuasive the attorney's statement that the deed was sealed, and ruled that the lack of a seal prevented legal title from passing to the defendant. The master determined, however, that the defective deed

would pass equitable title. Nevertheless, the master concluded that the absence of evidence of consideration for the conveyance precluded him from granting the defendant equitable relief. The superior court approved the master's recommendation to set aside the defendant's deed and to deny the defendant's motion for reconsideration. The defendant then appealed to this court.

The conveyance at issue in this case was made on April 30, 1977, four months prior to the effective date of the amendment to RSA 477:3 which eliminated the sealing requirement for deeds. *See* Laws 1977, 366:3 & :11. Therefore, the validity of this deed must be determined by reference to the laws in effect on the date of the conveyance. *See* Laws 1975, 428:2. Former RSA 477:3 provided:

> "Every deed or other conveyance of real estate shall be signed and *sealed by the party granting the same*, attested by one or more witnesses and acknowledged by the grantor before a justice, notary public or commissioner and shall show the mailing address of the grantee."

(Emphasis added.)

It is well settled that a deed which does not contain a seal, where one is required by law, is insufficient to pass legal title. *Underwood v. Campbell*, 14 N.H. 393, 396 (1843); 7 G. THOMPSON, THOMPSON ON REAL PROPERTY § 3263, at 477 (1962). The master was thus correct in concluding that the unsealed deed did not convey legal title.

"Although an instrument without a seal is inoperative in law as a conveyance of real property, such an instrument may vest in the grantee an equitable interest, and entitle him in equity to have the title conveyed to him by a proper instrument." *Id.; see Quimby v. Quimby*, 118 N.H. 907, 911, 395 A.2d 1247, 1249 (1978). The master found that although the deed would have conveyed equitable title to the defendant, he was not entitled to equitable relief because there was no evidence that consideration had been given for the conveyance. The master based his finding on sweeping language in *Doe v. Doe*, 37 N.H. 268, 277 (1858), in which this court stated: "Equity will not relieve against defects or mistakes in a voluntary conveyance, or one made without consideration."

Assuming there was no consideration, the general rule is that "a purely voluntary conveyance may not be reformed in equity at the suit of the grantee against the grantor during his lifetime without his consent." *Dowding v. Dowding*, 152 Neb. 61, 70, 40 N.W.2d

245, 250 (1949); *see Zabolotny v. Fedorenko*, 315 N.W.2d 668, 671 (N.D. 1982). As the North Carolina Supreme Court succinctly explained:

> "This rule is based on the proposition that in respect to a voluntary conveyance the grantee has no claim on the grantor, and that any mistake or defect is a mere failure in a bounty which the grantor was not bound to make and hence is not required to perfect. Thus, a volunteer must take the gift as he finds it. In short, one who accepts another's bounty ordinarily will not be heard to say something else should have been given."

*Dunn v. Dunn*, 242 N.C. 234, 239, 87 S.E.2d 308, 311 (1955).

A split of authority apparently exists, however, with regard to the right of a *grantee* to seek equitable relief from a voluntary conveyance against the grantor's *heirs or other successors.* Some courts refuse to reform a voluntary deed in favor of the grantee against the grantor's successors in interest. The reason that such equitable relief is not granted is that, since the successors stand in the shoes of the grantor, their opposition denies the donative intent, an essential element of the gift.

■ On the other hand, "[t]here is no sound reason for this legal fiction since the heirs would have opposed the gift in the first place, as is evident in the present case." *Hazlett v. Bryant*, 192 Tenn. 251, 260, 241 S.W.2d 121, 125 (1951). We believe the better rule is that a court of equity may grant relief to the grantee of a voluntary conveyance against the grantor's successors in interest. In the absence of evidence that the grantor would have objected to the relief sought, a grantor's successors should not be allowed to attack the validity of a conveyance as being contrary to the grantor's donative intent. "[W]hen the reason for a rule ceases to exist, so should the rule itself. We adopt the latter view as not only entirely logical, but in the furtherance of justice, for which equity courts exist." *Dowding v. Dowding*, 152 Neb. at 70, 40 N.W.2d at 250; *see Zabolotny v. Fedorenko*, 315 N.W.2d at 672.

■ In the instant case, the record before us does not show that evidence was adduced that the decedent would have objected to the vesting of equitable title in the defendant. Absent such evidence, we hold that the master should have granted the equitable relief requested by the defendant in order to perfect his equitable title, notwithstanding the apparent lack of consideration for the convey-

ance. To the extent *Doe v. Doe,* is inconsistent with our holding today, it is hereby overruled.

*Reversed and remanded.*

KING, C.J., did not sit; the others concurred.