(*) MARTHA BARKER *versus* PRENTISS M. BLAKE.

An action of dower may be maintained upon a demand made of the tenant's grantor, such grantor being, at the time of the demand, tenant of the freehold.

A sale of land for the non-payment of a tax upon an inhabitant, in which he was asssssed not only for his own land but for land which he never owned, or occupied, or claimed is merely void.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

DOWER.

In 1832, Richard Treat took a conveyance of lot No. 10, Summer street, Bangor.

In April, 1832, he conveyed to Baldwin, who owned the adjoining lot, " four feet off south side of No. 10."

A divisional fence was put upon the line, by which the four feet were fenced off to Baldwin, who has ever since occupied the same as a part of his enclosure.

In Sept. 1832, Treat conveyed to Taylor the lot No. 10, " excepting four feet off south side."

In 1836, the title of Taylor, through mesne conveyances, became the property of John Barker, jr., the demandant's husband, who resided thereon from that time till his death in 1851.

In that year, after his death, a demand of dower was made by the demandant upon *S. H. Blake.* The demand was in writing, and described the land, in which dower was demanded, to be " all that part of lot No. 10, on Summer street,

except a strip of four feet in width off the southerly side thereof."

The tenant, as a defence to the suit, set up a title in himself under two deeds from the collector of taxes, upon sales made by him for non-payment of the taxes of 1840 and 1841. The tax of both years was on an inventory as follows : —

"John Barker, jr., house and lot No. 10, Summer street."

The taxes were upon Barker as a resident. Assessment books showed, that the same description of the property had been adopted by the assessors for all the years since 1836.

The said sales by the collector were made in 1842, to Reuben Ordway, of *the house and lot No. 10, Summer street.*

Ordway, in 1843, deeded to S. H. Blake lot No. 10, Summer street, excepting four feet off south side.

In 1852, after the demand of dower had been made on S. H. Blake, and before the commencement of this suit, he conveyed to the tenant, lot No. 10, Summer street, excepting four feet off the south side.

The case was submitted to the Court for a decision according to the legal rights of the parties.

*A. W. Paine,* for the demandant.

The assessments against Barker were for the *whole* of lot No. 10. Upon those assessments, the land was sold, and it is under those sales, that the tenant claims title. But Barker never owned or occupied any more than a *part* of the lot. Four feet of it had long been owned and occupied by Baldwin. It is only of the residue, that dower was demanded or is now sought.

No argument can be necessary to show, that a sale is void, when made upon an assessment against an inhabitant for land which he never owned or occupied or claimed.

*Blake,* for the tenant.

The land owned and occupied by Barker had acquired the name of lot No. 10. This had long been its designation. By this description it was taxed from the year 1836. By this name it was well and commonly known and recognized.

Barker *v.* Blake.

Barker, by paying so many years' assessments, made upon it by that name, recognized the name.

And who shall object to the name, given by a man to his own land; whether he chooses to call it Elmwood or Ashland or Monticello; Black lot or White lot; lot A. or lot W., lot No. 10 or No. 50? And it can make no difference by what means his lot had become so small or so large.

The land was clearly described by a generally understood, and well recognized designation. It was enclosed by itself and no misapprehension could arise.

No plan of lots was shown, or even referred to in any of the title deeds, used at the trial. If some former proprietor had given to the land, including the four feet strip, the name of No. 10; surely a subsequent owner might give the same name or any other name to a lot reduced by four feet. He might have cut his land into smaller divisions, giving to each of them some numerical designation.

I submit then, that the description in the list of assessments was well enough.

HATHAWAY, J. — The demandant, the widow of John Barker, jr., sues for dower in a lot of land, being part of lot number ten, Summer street, Bangor, and the buildings thereon. The demand before the commencement of the action was duly proved. The case finds that the plaintiff's husband had title to the premises during her coverture, by deed from John Barker, dated March 11, 1836, which conveyed "lot number ten, Summer street, excepting *four feet off of the south side ;*" in which land the demandant claims dower in this suit.

The defendant resists, under claim of paramount title, by collector's deeds, on sale of the land for taxes. The taxes, for which the land was sold, were assessed "on John Barker, jr., on house and lot number ten, Summer street," and by this description the land was sold and conveyed by the collector.

The case finds that E. P. Baldwin became the owner of a part of lot number ten, April 21, 1832, of which he took possession, which he has ever since that time retained. The

plaintiff's husband, therefore, never owned or possessed the whole of lot number ten, and it is quite clear, that the assessors had no right to assess to him, his neighbor's land, jointly, with that which he owned in severalty, and such assessments and the collector's sales and deeds in pursuance of them were utterly void, as affecting the rights of the plaintiff.

Judgment for the demandant ; damages to be assessed by R. S. Prescott, as agreed by the parties.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.

