BOWLES *v.* CLOUGH.    { MARCH 12, 1875.

*Taxes—Real estate of non-residents.*

55   389
69   568

Non-resident real estate, though in the actual occupancy of the owner, cannot be legally taxed directly to such owner, unless he consents to be taxed therefor according to the provisions of Gen. Stats., ch. 50, sec. 11; but such tax is a charge upon the land, to be assessed and collected according to the provisions of Gen. Stats., ch. 55.

TRESPASS, for taking the plaintiff's cow.

The plaintiff was possessed of a farm partly in Lisbon and partly in Lyman. The plaintiff's house was on that part of his farm situated in Lisbon. The plaintiff came into possession of this farm, so as to be taxed for it for the first time, in the year 1873, which is the tax in question. Previous to that time that part of the farm situated in Lyman had been taxed to the occupant of the farm, and paid without objection. The tax in question was assessed by the selectmen of Lyman directly against the plaintiff as a resident of Lyman, without giving any notice thereof to him. The defendant was one of the selectmen who assessed said tax. Said selectmen issued a warrant for the collection of said tax under and by virtue of which the defendant, as collector of taxes for said town of Lyman, took the cow in question and detained it until the plaintiff paid him said tax. The questions of law arising on the foregoing agreed statement of facts were transferred at the September term, 1874, by LADD, J., for the opinion of this court.

*Carpenter*, for the plaintiff.

*H. Bingham*, for the defendant.

LADD, J. Chapter 55 of the General Statutes provides, in broad and unqualified terms, for the assessment and collection of taxes on all real estate of persons not resident in the town ; and it has been held that such taxes are a charge upon the land taxed only, and not a personal charge against the owner. *Dewey* v. *Stratford*, 42 N. H. 286 ; *Cocheco Manf. Co.* v. *Strafford*, 51 N. H. 471.

Could the plaintiff's land in Lyman be legally taxed in any other way than as non-resident, upon the facts stated in the case ? I think not. The defendant says it might be legally taxed to the owner, under sec. 17, ch. 50, Gen. Stats., and that being occupied it could not have been legally taxed as non-resident. Section 17 is as follows : " If no person is in possession or occupation of any building deemed by the selectmen to be tenantable, or of any other real estate improved as pasture, mowing, arable, or otherwise, the same shall be taxed, as non-resident, by such description as it may be readily known by, with the name of the owner, if known." The contention is, that the

converse follows, namely, that if any person is in the possession or occupation of such property it shall not be taxed as non-resident. If that be so, what possible meaning can be given to the condition found in section 11 of the same chapter, where it is provided that real and personal property shall be taxed to the person claiming the same, or to the person who is in the possession and actual occupancy thereof, *if such person will consent to be taxed for the same?* Applying the defendant's construction, the two sections embrace land in the same situation, that is, improved and occupied. What sense in saying in one section it shall be taxed to the person in. possession provided he will consent, if it is said (by inference or implication) that it shall be taxed to such person whether he consent or not in the other ? Besides, if the defendant's construction be the true one, and the section in question does forbid the taxing as non-resident of improved land in the possession of the owner when he does not reside in town, why are not improved lands occupied in that way excepted from the broad and sweeping terms of sec. 1, ch. 55, respecting the taxation of real estate of non-residents ?

I think no such prohibition is to be found in that section, or anywhere else in the statute, and I have been unable to find anything which authorizes the assessment of the tax upon this land against the plaintiff as a resident, when in fact he was not a resident, and did not consent that it should be so taxed, so as to bring it within the provision of section 11, quoted above. Upon the facts stated, I think the plaintiff is entitled to recover.

CUSHING, C. J.   Secs. 1, 11, and 17, Gen. Stats., ch. 50, read as follows :

"1. Every person shall be taxed in the town in which he is an inhabitant or resident on the first day of April, for his poll and estate, except in cases otherwise provided by law."

"11. Real and personal property shall be taxed to the person claiming the same, or to the person who is in the possession and actual occupancy thereof, if such person will consent to be taxed for the same; but such real estate shall be taxed in the town in which it is situate."

"17. If no person is in possession or occupation of any building deemed by the selectmen to be tenantable, or of any other real estate, improved as pasture, mowing, or arable, or otherwise, the same shall be taxed as non-resident by such description as it may be readily known by, with the name of the owner, if known."

The first section seems to be the key to the construction of this statute. It is the fundamental rule, and must control unless otherwise declared.

This being so, it would seem that sections 11 and 17 must be read as if the words " inhabitant of the town " were put in the place of " person." It would have been an unnecessary repetition, interfering with the much desired brevity of expression, and in no respect altering the sense. Read in this way, as I think they must be, sections 11 and 17 are entirely consistent and intelligible.

By these sections, read in this way, land situated in any town would be taxed to the inhabitant claiming it, but it must be taxed in the town where it was situate; and so, if the claimant were not an inhabitant, it must be taxed to the occupant, if he would consent.   Probably the contingency was not thought of, of a person not an inhabitant being in any sense the occupant.

By section 17, read in this way, if no inhabitant to whom the land could be taxed were in the possession or occupancy, it must be taxed as non-resident by its description.

By Gen. Stats., ch. 54, sec. 1, collectors have, in the collection of taxes, the same power as constables in the service of civil process.   If the law be as I take it to be, that constables' power to serve civil process does not extend beyond their towns; and if the only cases in which the collector's power is extended are where a person has removed from town, or personal property has been taxed to a non-resident, it would follow, that if this real estate could be taxed directly to a person not an inhabitant, the collector could not go out of the town to collect the tax, but would be obliged to resort to a sale of the real estate, as in the case of a non-resident tax.

It is most likely that if the legislature had intended to authorize the taxation of real estate directly to a non-resident, power would have been given to a collector, as in the case of personal property so taxed, to distrain or arrest beyond the limits of his own town.

The three sections first quoted have been placed in juxtaposition for the purpose of making clear their connection.   It will, I think, be found on examination that none of the intervening sections are such as to have any effect on this construction.

The cases of *Dewey* v. *Stratford*, 42 N. H. 286, and *Cocheco Manf. Co.* v. *Strafford*, 51 N. H. 471, seem to me fully to confirm this construction of the statute.   I am therefore of opinion that the tax in question was unlawful.

SMITH, J.   So much of the plaintiff's farm as was situate in Lyman was taxed to him as resident, although he was not an inhabitant of Lyman and did not consent to be taxed for the same. I find no provision of the statute that authorized this to be done.

When the owner is an inhabitant of the town where the land is situate, it must be taxed to him in such town.   Gen. Stats., ch. 50, sec. 1.

Under section 11 it must be taxed in the town in which it is situate to the person claiming the same, or to the person who is in possession and actual occupancy thereof, if such person will consent to be taxed for the same.

Under section 16, in case a person not the owner is living upon the land and refuses to be taxed for it, it must be taxed as resident by the number of the lot, or such other description as it is commonly known by, with the name of the occupant as such.

Under section 17, if no person is in possession or occupation of improved land, it must be taxed as non-resident by such description as it may readily be known by, with the name of the owner if known.

The plaintiff could not be taxed for this land under section 1, because he was not an inhabitant of Lyman. Under section 11 it might have been taxed to him as non-resident, or as resident, with his consent. Under section 16 he could not have been taxed for it, because there was no person other than the owner then living upon it; nor under section 17, because the land was not then unoccupied.

When the selectmen do not know who the owner is of any piece of land, they may tax it as non-resident. *Nelson* v. *Pierce*, 6 N. H. 194. Under the statute of July 7, 1827 (Laws of 1830, p. 556, sec. 10), lands in possession of an occupant could not be taxed as non-resident— *Brewster* v. *Hough*, 10 N. H. 138; but that statute provided that real estate should " be taxed to the person claiming the same, or to the person in the possession or actual occupancy thereof," omitting the words " if such person will consent to be taxed for the same," found in Gen. Stats., ch. 50, sec. 11.

Upon the case as stated I think the plaintiff ought to recover.

*Case discharged.*