## MOWRY *v.* BLANDIN.

An assessment of a joint and undivided tax upon lots of land owned by different persons is not authorized by the statutes, and is not legalized by a general healing act.

Section 14, c. 58, Gen. Laws, providing for the publication of notice for three successive weeks, at least six weeks before a sale, requires the last publication to be at least six weeks before the sale.

Title acquired after the commencement of the suit should be pleaded in bar of the further maintenance of the action.

SMITH, J.   This is a writ of entry for a lot of land in Bethlehem known as the Ira G. Eastman place, which formerly belonged to the Waumbec Lumber Company, from whom the plaintiff claims to have derived title by conveyances.   The defendant has three conveyances from the tax-collector, who sold the land for non-payment of taxes in 1877, 1878, and 1880.   The tax of 1877 was a joint and indivisible tax, assessed upon this lot and other land of other persons, appraised together at $600.   There was no statute authorizing such an assessment ; and c. 64, Laws of 1877, legalizing the taxes assessed in the town that year, is presumed to have been intended to cure defects of irregularity only, and not to

authorize an unjust sale of this lot for an inseverable tax assessed on it and on another lot belonging to other persons. Cooley Const. Lim. 370, 379, *n.* 1, 382, *n.* 1. *White Mountains Railroad* v. *White Mountains (N. H.) Railroad*, 50 N. H. 50, 77; *Rich* v. *Flanders*, 39 N. H. 304; *Kent* v. *Gray*, 53 N. H. 576; *Tifft* v. *City of Buffalo*, 82 N. Y. 204; *Jennings* v. *Collins*, 99 Mass. 29; *Barker* v. *Blake*, 36 Me. 433; *Hamilton* v. *City of Fond du Lac*, 25 Wis. 490; *Siegel* v. *Outagamie*, 26 Wis. 70; *Wright* v. *Cradlebaugh*, 3 Nev. 341; *Shimmin* v. *Inman*, 26 Me. 228; *Crane* v. *Janesville*, 20 Wis. 305; *People* v. *San Francisco Sav. Union*, 31 Cal. 132, 139; *Schumacker* v. *Toberman*, 56 Cal. 508, 511; *People* v. *Lynch*, 51 Cal. 15; *Thames Mfg. Co.* v. *Lathrop*, 7 Conn. 550; *People* v. *Goldtree*, 44 Cal. 323; *Hart* v. *Henderson*, 17 Mich. 218; Desty, Taxation, 616–622; Black., Tax Tit., 106, 107. Without another appraisal determining the value of this lot, its owner's share of the public expense could not be ascertained. There was no assessment of his share, and the error was not corrected. Gen. Laws, *c.* 57, *s.* 10.

The sale May 30, 1879, for the taxes of 1878, was not valid as against the plaintiff. The statute required the sale to be advertised by "publication for three successive weeks in some newspaper printed in the county or judicial district in which said town is situate, at least six weeks before the sale." G. L., *c.* 58, *s.* 14. This part of the statute was repealed July 19, 1879 (Laws of 1879, *c.* 57, *s.* 12), but was in force at the time of the sale, having been enacted July 11, 1878 (Laws of 1878, *c.* 9). "Publication for three successive weeks ·  *  *  , at least six weeks before the sale," means that the last publication shall be at least six weeks before the sale. This provision of the statute is mandatory, and not directory merely. If this were not so, publication might be wholly dispensed with. The provision in regard to advertising non-resident land is different. The statute requires the collector, on or before the first day of January following the assessment, to advertise the property on which the taxes have not been paid, "three weeks successively, commencing at least eight weeks before the sale;" and it has been held that the advertisement is seasonably published if the first publication is on the first day of January. *French* v. *Spaulding*, 61 N. H. ——.

April 1, 1880, when the tax of that year was assessed, the title to the premises in dispute stood as follows: Mowry, the plaintiff, was mortgagee; Smith, assignee in bankruptcy of the Waumbec Lumber Company, owned the equity of redemption; and Blandin, the defendant, was in possession by Gordon his tenant, claiming title under the collector's deed dated June 17, 1879. Mowry and Smith were non-residents. Whether Blandin was resident or non-resident does not appear; nor is it material, as he then had no valid title to the premises. The statute is, "Real and personal property shall be taxed to the person claiming the same, or to the

person who is in possession and actual occupancy thereof, if such person will consent to be taxed for the same; but such real estate shall be taxed in the town in which it is situate." " If any person not the owner is living on any farm or in any house on the first day of April, and refuses to be taxed for it, it shall be taxed as resident by the number of the lot, or such other description as it is commonly known by, with the name of the occupant as such; and estate so taxed shall be holden and liable to be sold in the same manner as the real estate of residents is holden and sold for taxes." G. L., c. 54, ss. 11, 19. By the word "person," as used in the statute, is meant "inhabitant of the town." *Cushing*, C. J., in *Bowles* v. *Clough*, 55 N. H. 389, 390. The premises could not be taxed to Mowry as claimant, under *s.* 11, for he was not an inhabitant of the town. They might and should have been taxed to Gordon as occupant, with his consent. They were taxed under *s.* 19, by the description " F. Gordon, occupant," and with the name "Eastman, Ira G. place." A strict compliance with the statute would have reversed the name and description, but the informality is not sufficient to invalidate the assessment, if it is valid in other respects, for it was not such as to mislead any one.

The case finds the premises were known as the "Ira G. Eastman place," and that Gordon was the occupant. The description is therefore sufficient. The case does not find that Gordon refused, or consented. The inference from the fact that consent is not found is, that he refused, and the premises were properly taxed under *s.* 19. *Perley* v. *Stanley*, 59 N. H. 587; *Bowles* v. *Clough*, 55 N. II. 389; *Perham* v. *Fibre Co., ante* 2.

It is objected that the sale and deed to the defendant took place after the commencement of this suit, and he has not pleaded the title thus acquired. Title acquired after the commencement of a suit should be pleaded in bar of the further maintenance of the action. *Bailey* v. *March*, 3 N. H. 274.

It is also objected, that the defendant being in possession and taking the rents and profits, it was his duty to pay the taxes, and therefore is estopped to set up a title acquired from the sale for the non-payment of taxes; also, that no notice of the tax was given to the owner or occupant. Upon these points we express no opinion, as the case is decided against the defendant upon the other grounds already considered. Upon the pleadings the plaintiff is entitled to judgment.

*Case discharged.*

BLODGETT, CARPENTER, and BINGHAM, JJ., did not sit: the others concurred.

*Drew, Jordan & Carpenter* and *Bingham, Mitchells & Batchellor*, for the plaintiff.

*Aldrich & Remich*, for the defendant.