## DAVIS *v.* SAWYER.

Records and returns may be amended, upon parol evidence, to conform to the truth of the fact.

The statute requiring tax-collectors to send to known owners of non-resident property a bill of their taxes is mandatory; and a sale of land for non-payment of the tax upon it where this duty has been omitted is invalid.

One of two tenants in common cannot recover against the other for repairs and improvements made upon the common premises by the former before the latter acquired his title, and without the knowledge or consent of the latter.

PETITION for partition, and that the amount due the plaintiff on account of expenditures on the common property be ordered to be paid to her by the defendant. The answer denies title to any interest in the premises in the plaintiff, and alleges that if any expenditures have been made by the plaintiff it was done without

the defendant's knowledge or consent.   Facts found by a referee. The plaintiff claimed title to one fourth of the premises under a tax deed from the collector of Pembroke to one Shepard, dated April 30, 1885, based upon a sale for the tax of 1883 when the premises were owned by Sarah E. Lindsey, of New York.   The plaintiff went into possession of the premises under a deed from Shepard, March 25, 1885, and between that time and January 6, 1887, made repairs costing about $400, for which she claims that payment should be made to her by the defendant in this proceeding.   The defendant's title to three fourths of the premises was not disputed, and her title to the remaining one fourth was only attacked by the plaintiff's tax-title.   The defendant raised several objections to the tax-sale, founded upon faults in the collector's records and return of the sale.   Parol evidence was admitted to show that the record was not correct or full in several particulars.   It was thereupon ordered to be amended accordingly; and the defendant excepted.   The plaintiff's expenditure for repairs was made before the defendant acquired her title.   It did not appear that the collector sent to the non-resident owner or her agent a bill of her taxes, as required by the statute.

On the plaintiff's motion, judgment of title to one fourth the land was ordered for the plaintiff on the referee's report, and that she recover her expenditures for improvements; and the defendant excepted.

*II. G. Sargent*, for the plaintiff.

*S. D. Lord*, for the defendant.

CLARK, J.   It is settled that records and returns may be amended to conform to the truth of the fact, and the truth of the proposed amendment may be established by parol evidence.   *Gibson* v. *Bailey*, 9 N. H. 168; *Jaquith* v *Putney*, 48 N. H. 138; *Roberts* v. *Holmes*, 54 N. H. 560; *Taft* v. *Barrett*, 58 N. H. 447; *French* v. *Spalding*, 61 N. H. 395.   The amendment proposed by the plaintiff, and found by the referee to be conformable to the truth, being allowed, the objections to the tax-sale made by the defendant at the trial are obviated, being unsupported by the facts.

The requirement of the statute, that the collector shall, on or before the first day of September, send to the owners of non-resident property, or their agents, if known, a bill of their taxes, is a provision for the benefit and protection of non-resident tax-payers. It is designed to give the non-resident owner notice of the tax, and an opportunity to pay it without the expense of a sale, and we are of opinion that a compliance with this provision of the statute is essential to the validity of a sale of land for the non-payment of a non-resident tax.   " There are undoubtedly many statutory

requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisition ineffectual. Such generally are regulations designed to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the act required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory, but mandatory. They must be followed, or the acts done will be invalid. The power of the officer in all such cases is limited by the measure and conditions prescribed for its exercise." *French* v. *Edwards*, 13 Wall. 506; *Torrey* v. *Millbury*, 21 Pick. 64, 67; *Converse* v. *Porter*, 45 N. H. 385, 399; Cool. Tax. 212–220. Upon furnishing proof that the collector sent to the non-resident owner or her agent a bill of her taxes as required by statute, the plaintiff will be entitled to judgment of title to one fourth of the land and to partition.

The claim of the plaintiff to recover of the defendant for expenditures and improvements upon the property before the defendant acquired any interest in it, and made without her authority or knowledge, cannot be sustained. The expenditures were not a lien upon the property, and being made without authority, express or implied, on the part of the defendant, there is no legal or equitable ground upon which the defendant can be held chargeable for them. The case is not within the principle of the decision in *Pickering* v. *Pickering*, 63 N. H. 468. Whether a case might arise where a court of equity would appoint a receiver to make repairs, absolutely necessary to preserve the common property from ruin, at the expense of the owners, in case of the absolute refusal of a co-tenant to repair, we are not now called upon to consider.

*Exceptions sustained.*

ALLEN, J., did not sit: the others concurred.