AMOSKEAG SAVINGS BANK & *a. v.* ALGER.

In the collection of taxes of residents, an advertisement of a collector's sale of real estate in which the name of the occupant, at the time of posting such notice, is not stated, as required by Gen. Laws, *c.* 58, *s.* 14, is insufficient, and a sale made upon such notice is invalid.

BILL IN EQUITY, to foreclose a mortgage given to the plaintiffs in 1876 by Jeremiah Shea, upon two adjoining lots situated on Cedar street in Manchester, with dwellings thereon numbered 119 and 121. The defendant, Alger, claims title to the lots under a sale made in 1882 for the non-payment of taxes assessed in 1881. During the years 1881 and 1882 the dwelling numbered 121 was occupied by Shea and his family, and the dwelling numbered 119, comprising several tenements, was occupied by his tenants. In the collector's notice of the sale the property was described by the numbers, and as owned and occupied by Shea. The plaintiffs claim that the sale was invalid because the notice was insufficient, and on other grounds not necessary to be stated.

*D. Cross, R. E. Walker,* and *Clough & Clark,* for the plaintiffs.

*C. R. Morrison* and *S. D. Lord,* for the defendant.

CARPENTER, J. In the collection of resident taxes by a sale of real estate, the collector is required to " give notice of such sale by posting advertisements . . . in which shall be stated the name of the owner, or of the person to whom the same was taxed, and also the name of the occupant, if any, at the time of posting such notice, the amount of the tax, and the place, day, and hour of the sale." G. L., *c.* 58, *s.* 14; Laws 1879, *c.* 57, *s.* 12. The sale must be made at public auction, in a public place, and of so much only of the estate as will pay the taxes and incidental charges. G. L., *c.* 58, *s.* 15; *c.* 59, *s.* 5. The provision that the name of

the occupant at the time of posting be stated in the notice is mandatory, and is material to the protection of the landowner. The object of the notice is not only to inform him of the sale, but also to advertise it to the public and invite competition. The occupant's name may in some instances be the only part of the description by which the owner recognizes the land as his property. If it affords him no information, it may, by informing others and promoting competition at the sale, be well-nigh as beneficial to him as if it did. Public knowledge of the particular property to be sold is as essential to full and free competition as notice of the time and place of the sale. Real estate may not be, often is not, publicly known by the name of the owner or of the person to whom it is taxed, and except to them the name of either in the notice might convey no information. The community are in many cases more likely to know it by the name of the actual occupier. A house or farm is usually better known to the general public as the house or farm occupied by A, than it would be under a particular description by metes and bounds. If there are several occupants, their names should be stated in the notice for the same reason. Some persons may recognize the property by the designation of one of the tenants, and some by that of another. The tax bears a very slight proportion to the value of the property, and the great temptation presented to parties to exclude competition at the sale (*Slater* v. *Maxwell*, 6 Wall. 268, 276) should not be encouraged by a narrow interpretation of the statute. A wider publicity is likely to be given to the exposure of a tenement for sale by stating in the notice the names of all than of one of the occupants. The naming of one only of several tenants might in some cases tend to mislead the public, and perhaps the owner, as, for example, if the person named happens also to be the sole occupant of another and neighboring tenement. No inference unfavorable to an interpretation of the statute requiring the names of all occupants to be stated in the notice can be drawn from the use of the word "occupant" in the singular number. G. L., *c.* 1, *s.* 3. The circumstances of the sale to the defendant are not disclosed. That it was a fair sale cannot be presumed. It is impossible to say that there would not have been a greater attendance, more competition, and a sale of less of the property, if the names of all the occupants had been given in the notice. As against the language of the statute and these considerations, the argument founded on the inconvenience to the collector is entitled to little or no weight.

The position, that the statute may and should be construed to require the occupant's name to be stated in those cases only where the name of the person to whom the property is taxed and not that of the owner is inserted in the notice, cannot be sustained. Such a construction is unnatural, and is inconsistent with the object of the requirement. For the information of the public, the name of the occupant is as necessary in one case as in the other.

For want of sufficient notice the sale to the defendant is invalid. This result makes it unnecessary to consider the other questions presented.

*Decree for the plaintiffs.*

SMITH, CLARK, and BLODGETT, JJ., did not sit: the others concurred.