Rockingham, }
Feb. 1, 1910. }

## GREELEY *& a.* v. BECKMAN *& a.*

Where real estate is taxed to the heirs of a deceased person generally, it is to be inferred that a tenant upon the premises refused to be taxed therefor and that resident heirs did not consent to be considered as in possession.

Where real estate is occupied by a tenant who refuses to be taxed therefor, an assessment of the premises as "buildings and homestead," without further description or specification, is a defect which is sufficient to invalidate a sale for unpaid taxes.

Under chapter 64, Laws 1895, the purchaser at an invalid tax sale is entitled to such reimbursement for taxes, expenses, and interest as justice may require.

BILL IN EQUITY, to remove from the title of a parcel of land in Seabrook a cloud created by a tax deed dated September 14, 1908.    Facts found, and case transferred without ruling from the April term, 1909, of the superior court, by *Wallace*, C. J.

The land was originally owned by Cynthia Greeley.    In 1905, when the tax was assessed, it was owned by John D. Greeley, Abby S. Morrill, and Edwin L. Duckworth, the plaintiffs and heirs of Cynthia, to whom it now belongs unless Sally A. Beckman, one of the defendants, owns it by virtue of the tax deed.    The tax title is valid except as it may appear to be invalid from the facts hereinafter stated.

In 1905, John D. Greeley resided in Seabrook, and the other

heirs resided out of the state. The property was occupied that year by Tristram E. Dow as tenant, and was taxed in the resident list as follows:

| | | |
|---|---|---|
| Name of owner | . . | Heirs of Cynthia Greeley. |
| Description of land | . . | Buildings and homestead. |
| Value . . | . . | $360. |
| Name of occupant | . . | Tristram E. Dow. |
| Tax . . | . . | $8.36 |

In 1905, Lemuel S. Beckman, one of the defendants, was the collector of taxes in Seabrook. He duly advertised the property for sale, and on May 24, 1906, sold the same for the taxes, not including the incidental charges, to his wife, Sally A. Beckman, she being the highest bidder. On the afternoon of the same day Mrs. Beckman paid to the collector $8.77—the amount of the taxes and incidental expenses. Subsequently she paid to the collector the taxes assessed upon the property for 1906, 1907, and 1908. September 14, 1908, the collector gave Mrs. Beckman the deed. November 13, 1908, the plaintiffs tendered the collector the sum of $37.63, which was sufficient to cover all payments by Mrs. Beckman for taxes and expenses, and interest to that time.

*Page & Bartlett* and *John L. Mitchell*, for the plaintiffs.

*Eastman, Scammon & Gardner*, for the defendants.

BINGHAM, J. When the tax was assessed in 1905, one Dow was living upon the land. He was not occupying it as owner, but as tenant of the owners, and it could have been taxed to him in his name with his consent. P. S., c. 56, s. 14; *Bowles* v. *Clough*, 55 N. H. 389, 390, 391; *Perley* v. *Stanley*, 59 N. H. 587, 588; *Perham* v. *Fibre Co.*, 64 N. H. 2, 3. It is not found that he consented to be taxed for it, and it was not taxed to him. The inference is that he did not consent. *Mowry* v. *Blandin*, 64 N. H. 3, 5.

John D. Greeley, one of the plaintiffs, was an inhabitant and resident of Seabrook. The two other plaintiffs resided out of the state. They were the heirs of Cynthia Greeley and owned the land as tenants in common; but notwithstanding their common ownership, the whole of the land could have been taxed in the resident list to John D. Greeley as heir of Cynthia, if he had consented to be considered as in possession of it (P. S., c. 56, s. 26) and did not refuse to be taxed beyond the share claimed by him. P. S., c. 56, s. 24. It was not taxed to him alone as heir, and it is

not found that he consented to be considered as in possession. The inference is that he did not consent. *Mowry* v. *Blandin, supra*. As he was not in the possession and actual occupancy of the land and did not consent to be considered as in possession, it could have been and was taxed to the heirs of Cynthia Greeley generally. P. S., c. 56, s. 26. But as the land was in the possession and actual occupancy of Dow as tenant, who refused to be taxed for it, the statute required that it be taxed as resident by the number of the lot, or such other description as it was commonly known by, with the name of the occupant as such. P. S., c. 56, s. 22; *Bowles* v. *Clough, supra; Perley* v. *Stanley, supra; Perham* v. *Fibre Co., supra*. It was taxed as resident, with the name of the occupant as such, but not by the number of the lot, or such other description as it was commonly known by. The description was " buildings and homestead," without specifying whose buildings and homestead. The assessment was defective in a material requirement and the sale void. *Weeks* v. *Waldron*, 64 N. H. 149; *Davis* v. *Sawyer*, 66 N. H. 34, 36; *Amoskeag Savings Bank* v. *Alger*, 66 N. H. 414.

November 13, 1908, the plaintiffs tendered the collector the sum of $37.63 to redeem the land from the sale. This amount was sufficient to cover all taxes and expenses paid by the purchaser and interest charges down to that time. *Langley* v. *Batchelder*, 69 N. H. 566, 570; P. S., c. 61, s. 11. It would seem that, prior to 1895, the purchaser at a tax sale who had been defeated in a suit involving the validity of the tax title could not call upon the owner to reimburse him for taxes and interest charges before being awarded judgment. *Perham* v. *Fibre Co.*, 64 N. H. 485. But in that year a statute was enacted providing that " when the validity of a tax sale is contested, on notice to all parties in interest and due process of law presenting the merits of the case as far as practicable for equitable adjustment, such orders shall be made and final judgment rendered as justice requires." Laws 1895, c. 64, s. 1. Therefore, such action may be had in the superior court with reference to the repayment of the above sum of $37.63 as justice requires.

No objection has been taken to the form of the action, and if one had been the plaintiffs could have been permitted to amend. *Eastman* v. *Thayer*, 60 N. H. 408, 413, 414; *Perham* v. *Fibre Co.*, 64 N. H. 2; *Derry National Bank* v. *Griffin*, 68 N. H. 183, 184.

*Case discharged.*

All concurred.