Strafford, Nov. 3, 1948. No. 3764.

CHARLES E. PALMER *v.* EUGENE COULOMBE & a.

*Cooper, Hall & Cooper (Mr. John M. Brant* orally), for the plaintiff.

*Errol S. Hall,* for the town of Farmington.

*Frank S. Batchelder,* for Eugene Coulombe and William Coulombe, filed no brief.

*Green, Green & Romprey (Mr. Meyer Green* orally), for Yvonne Roy, Laura Bonsaint and Eva Vachon, daughters of Napoleon Guilmette.

KENISON, J. The validity of plaintiff's tax deed is governed by the Public Laws, as amended, which were in effect in 1940 and 1941 but references to the Revised Laws will be given where no changes have occurred in the revision of such Public Laws to the Revised Laws. R. L., c. 74, s. 21, provides as follows: "Estates of persons deceased may be taxed to the widow, to any of the children, to the heirs, or to any other person who will consent to be considered as in possession thereof; otherwise to the heirs generally of such deceased person." The Court has correctly ruled that the assessment was made "to the heirs generally" of Napoleon Guilmette. The assessment was in literal compliance with this statute and in the form approved and held valid in *Greeley* v. *Beckman,* 75 N. H. 413. While this alone is enough to substantiate the validity of the assessment its reasonableness is further evidenced by the circumstances. No inventory was filed by anyone interested in the property (R. L., c. 75, s. 6), nor did any child or heir request to be taxed as a part owner (R. L., c. 74, s. 19). No child or widow consented to be considered in possession of the property and consented to its taxation. Furthermore this method of assessment had been substantially followed for the previous four or five years and the selectmen were justified in believing that this method had been consented to in the absence of any protest or indication of a

desired change in the method of assessment. See *Sawyer* v. *Gleason*, 59 N. H. 140; *Automatic Sprinkler Corp.* v. *Marston*, 94 N. H. 375, 377. The statute, R. L., c. 74, s. 21 applies to both real and personal property and insofar as the former is concerned makes no distinction between resident and nonresident ownership. While some of the cases emphasize that this statute was enacted for the purpose of taxing property where "there was no representative of the estate" (*Crosby* v. *Charlestown*, 78 N. H. 39, 41) it is by no means limited to that situation. *Greeley* v. *Beckman, supra.*

In support of the decision below it is argued that the assessment violates R. L., c. 74, ss. 17, 19, in that the occupant or the person in possession was neither taxed nor listed in the assessment. Section 17 has no application because it involves a situation where the occupant is not an owner and in the present case Imelda was a part owner. Section 19 does not apply because it refers to a taxation of fractional shares of part owners not in possession where the part owner in possession refuses to be taxed beyond his share. There was no such procedure or assessment in this case. The assessment was valid under section 21 and not required to be made under sections 17 and 19. While it does not affect the result of this case it may be noted that the reference to resident and nonresident in these latter sections is unnecessarily confusing and points up the desirability of legislative clarification. Formerly there were two methods of procedure for the sale of real estate for delinquent taxes of residents and nonresidents. P. S., cc. 60, 61. Without passing on the validity of the assumption it will be noted that it has been generally assumed that Laws 1925, c. 61 attempted to abolish all distinction of tax sales of resident and nonresident property. This attempted change was carried into the Public Laws and Revised Laws, P. L., c. 66; R. L., c. 80. Over a long period of time the Tax Commission has advised the municipal tax authorities as follows: "There being now no distinction between the procedure for the sale of lands of residents and nonresidents, the words 'residents,' and 'nonresident,' in section 17 and 18 are superfluous." (Statutes Relating To Taxation With Court Decisions and Forms, 1946, *p.* 53). As already indicated we do not need to decide the merits of this general understanding and administrative construction. But superfluous or confusing words in the complicated business of tax sales are not helpful either to property owners or taxing officials.

The assessment was sufficiently definite since it gave the acreage, the location, and the description by which it could be readily identified. It is unlike the defective description in *Greeley* v. *Beckman, supra,*

which was buildings and homestead without any acreage or further description or location.

The notice of the tax sale was sent to the heirs of Napoleon Guilmette, Farmington, New Hampshire by registered mail and was received by the wife of Rudolph who was a child, an heir, the administrator and the person who had previously paid the taxes for four years. The notice was sufficient. R. L., c. 80, s. 19.

It appears that the municipal authorities not only complied with the tax statutes in both assessment and sale but also took other steps not required by statute to give notice of the tax sale at least to a representative of the heirs. Consequently the plaintiff's tax title is valid and the order is

*Exceptions sustained.*

All concurred.