Merrimack,
No. 6127.

LUTHER COLEMAN

*v.*

TOWN OF HOOKSETT *& a.*

November 2, 1971.

*Paul A. Rinden* and *Thomas N. Tarrant* ( *Mr. Rinden* orally ) for the plaintiff.

*L. Wilder Quint* ( by brief and orally ) for defendants Theodore and Elizabeth Natti and Clayton and Ruth Heath.

*K. Donald Woodbury* for defendant town of Hooksett, filed no brief.

*Eaton, Eaton, Ross & Moody* for defendants Pearl Dowd and Perle Real Estate Co., Inc., filed no brief.

LAMPRON, J.   Petition to quiet title to certain real estate in Hooksett formerly owned by Mrs. Louise Ackerson who, on April 30, 1967, conveyed all her right, title and interest therein to the plaintiff Luther Coleman. The defendants claim title by virtue of a tax collector's deed to the town of Hooksett dated September 16, 1963, resulting from a sale of these premises to the town on August 28, 1961, for unpaid taxes for the year 1960.

After a hearing, the Trial Court ( *Loughlin,* J. ) found that there had been full compliance with the provisions of RSA ch. 80 regulating the sale of real estate for unpaid taxes and dismissed plaintiff's petition. The court also decreed that " as regards the validity of title between the parties in controversy, the grantees deriving their or its title through the Town of Hooksett have valid title, not the plaintiff. " Plaintiff's exceptions to the court's denial of certain of his requests for findings and rulings, to findings and rulings made, and to the court's decree were reserved and transferred.

As plaintiff's rights do not exceed those of Louise Ackerson, his grantor ( 23 Am. Jur. 2d Deeds *ss.* 291, 292 ( 1965 ) ), the main issue to be decided is whether the trial court properly found and ruled that the tax sale and subsequent deed to the town divested Louise Ackerson of her title to the premises in question and transferred it to the town of Hooksett and by it to its grantees, the other defendants.

Plaintiff's first contention is that the tax collector failed to comply with the requirements of RSA 80:21. This statute provides in part that the notices of sale of real estate for nonpayment of taxes which are to be posted and sent to the owner shall state " the name of the owner or of the person to whom the same was taxed, the description of the property as recorded by the selectmen, the amount of the tax, interest due thereon and costs and fees incident to advertising and posting, and the place, day and hour of the sale. He shall also, at the same time, send a like notice by registered mail to the last known postoffice address of the owner or of the person against whom the tax was assessed. "

The description of the " property " to be sold contained in the notices of sale was the following: " Ackerson, Mrs. Louise Land and Buildings. " There was evidence that the selectmen's inventory ( RSA 75:4-9 ) listed nine separate items of property assessed to Mrs. Ackerson for that year, two of which are not involved in these proceedings. The properties sold consisted of one parcel with buildings assessed at $1770 and six parcels of land assessed variously from $30 to $170. The total assessment of all seven parcels was $2,210.

The purpose of the notices required by RSA 80:21 is ( 1 ) to inform the owner that his property is to be sold so that he can prevent the sale by paying the taxes, and ( 2 ) to advise prospective purchasers that the taxpayer's property is to be offered for sale. *See Amoskeag Savings Bank* v. *Alger,* 66 N.H. 414, 29 A. 407 ( 1890 ); *Holland* v. *Billingsley,* 208 Md. 635, 119 A.2d 380 ( 1956 ).

Tax collectors have been advised to "carefully check every unpaid item in his property warrant book with the corresponding entry in the invoice or Selectmen's blotter book in order to secure the necessary description" for the notices of tax sale. Howes, Tax Collecting in New Hampshire 177 ( 1941 ). We find this recommendation valid today. However, the purpose of the statute is met if the notice describes the property to be sold in a manner to enable one to identify it. *Smith* v. *Messer*, 17 N.H. 420, 427 ( 1845 ); *Palmer* v. *Coulombe*, 95 N.H. 266, 269, 62 A.2d 318, 320 ( 1948 ). On the record in this case, the trial court could properly find and rule, as it did, that the notice was in compliance with the statute.

Plaintiff also argues that Mrs. Ackerson did not receive legal notice. There was evidence that a notice of sale was sent by certified mail addressed to "Mrs. Louise Ackerson 173 Home St. Long Beach, California." It was returned marked "unclaimed." The trial court could properly find and rule that the tax collector complied with the requirements of RSA 80:21 that a notice "by registered mail" be sent "to the last known postoffice address of the owner." *Cf. Rivard* v. *Ross*, 99 N.H. 299, 109 A.2d 857 ( 1954 ).

Plaintiff also maintains that the notice of sale was contrary to the requirements of RSA 80:24 which provides that a sale for nonpayment of taxes "shall be of so much of the estate holden as will pay the taxes and incidental charges" which were $134.19. There was evidence from which it could be found that the only building involved was in poor condition as notice that it was a fire hazard and not fit for occupancy within a year of the date of the tax sale was an exhibit in the case. The trial court could properly find on the evidence that a bidder at the sale would not be satisfied with less than all the property and could rule that RSA 80:24 was not violated. *Spurgias* v. *Morrissette*, 109 N.H. 275, 249 A.2d 685 ( 1969 ).

In view of our holding that the trial court properly found full compliance with the requirements of RSA ch. 80 and that the defendants had valid title, it is unnecessary to consider the issue whether subsequent collector's sales for taxes of the same property are a bar to redemption if not followed by a tax collector's deed.

*Decree affirmed.*

All concurred.