# Chester Motors, Inc. v. Frederic Koledo v. Town of Chester, VT and P. F. Hammond, Collector of Taxes for Chester, VT

# Chester Motors, Inc. v. John R. Hart, Diane J. Hart and Thomas Beals

[503 A.2d 551]

Nos. 84-106 and 84-107

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed November 8, 1985

*Thomas M. French*, Brattleboro, for Plaintiff-Appellant.

*Sarah E. Vail*, Chester, for Defendants-Appellees Hart.

*David F. Buckley*, Bellows Falls, for Defendant-Appellee Beals.

*Parker, Lamb & Ankuda, P.C.*, Springfield, for Defendant-Appellee Koledo.

**Per Curiam.** The appellant taxpayer appeals the grant of summary judgment upholding the tax sale of three parcels of its land. The appellant brought suit to void the tax sale, contending that the description of the properties to be sold in the notices of levy and sale did not comply with the statutory requirements for such notices, and was therefore not exact enough to allow either the taxpayer or the public to identify which parcels of land were to be sold. The tax sale purchaser responded by contending that the notices of levy and sale were sufficient as a matter of law, and moved for summary judgment. The trial court found that the notices were sufficient and granted summary judgment. We affirm.

■ ■   A town's tax collector is authorized to sell a taxpayer's land to satisfy a delinquent tax on that land. 32 V.S.A. § 5252 et seq. Under the statutory scheme, the tax collector must file a notice of levy in the town clerk's office describing the property levied upon. He must also give the delinquent taxpayer advance notice of the sale, and advertise the upcoming sale in a newspaper circulating in the area. The purposes of the notices of levy and sale are (1) to inform the taxpayer that his property is to be sold so that he can prevent the sale by paying the delinquent taxes, and (2) to advise prospective purchasers that the land is to be sold. *Coleman* v. *Town of Hooksett,* 111 N.H. 337, 338, 283 A.2d 681, 682 (1971).

The parcels of land sold are part of Flamstead Acres in the Town of Chester, being lots numbered 19, 34(½), and 45. The tax collector's warrant and the notice of levy identified these lots by number. By contrast, the notice of sale identified the properties by reference to a warranty deed, in addition to labelling the properties by lot number. The deed reference was to a different property than those which were for sale. The appellant had owned the property referred to by the deed, but it had been sold to satisfy delinquent taxes prior to the tax sale in question.

■   The appellant contends that this reference to the inapplicable warranty deed makes the tax sale void, because the notice of sale contains an ambiguity and therefore doesn't comply with 32 V.S.A. §§ 5252, 5253. However, 32 V.S.A. § 5252 does not rely on a formal checklist of requirements to ensure that the statutory purposes are fulfilled. Only a *"sufficient* description of the land" is required. 32 V.S.A. § 5252(1) (emphasis added). Here, the identification by lot number was the essence of the description in the notice of sale, and that identification gave "sufficient notice." The

erroneous reference to the warranty deed was not so misleading as to frustrate the statutory purposes. The taxpayer was given notice that lots 19, 34(½) and 45 were at risk. It was apparent that the deed reference did not apply, for the deed identified a parcel of land the taxpayer had once owned, but one whose ownership the taxpayer had relinquished prior to the sale in question. Similarly, even with the erroneous deed reference, identification by lot number gave prospective purchasers adequate notice of which parcels were to be sold. The trial court properly granted summary judgment in favor of the appellee purchasers.

*Affirmed.*