GMAC Mortg., LLC v. Winston Jennison Invs., No. 34-2-12 Cacv (Teachout, J., May 23, 2013)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Caledonia Unit**                                    **Docket No. 34-2-12 Cacv**

**GMAC Mortgage, LLC**
    **Plaintiff**

    **v.**

**Winston Jennison Investments, LLC**
    **Defendant/Third-Party Plaintiff**

**and**

**Kevin and Fallon Cole**
    **Defendants**

    **v.**

**Town of Sutton, Vermont**
    **Third-Party Defendant**

### DECISION
**Defendant Winston Jennison Investments, LLC's Motion for Summary Judgment**

The parties dispute title to real property in Sutton, Vermont. Defendant Winston Jennison Investments, LLC ( hereinafter "WJI") purchased the property in question at a tax sale in 2010. Plaintiff GMAC Mortgage, LLC is the successor in interest of the prior record owner of the property. GMAC claims that the tax sale was void and seeks a declaration that it is the rightful owner of the property. WJI has moved for summary judgment on the grounds that GMAC's claim is time-barred. The Court previously denied GMAC's motion for summary judgment on the grounds that its claim was time-barred.

### Facts

The following facts are undisputed unless otherwise noted. GMAC is a national banking institution. WJI is a Vermont limited liability company with a principal place of business in Johnson, Vermont. Kevin and Fallon Cole are individuals currently occupying the subject premises at 2218 U.S. Route 5 in Sutton, Vermont as tenants.

On November 16, 2006, John F. Vaculik and Carrie S. Vaculik executed a promissory note and mortgage deed to GMAC for the property at 2218 U.S. Route 5. On October 16, 2007, GMAC initiated foreclosure proceedings against the Vaculiks. A judgment and decree of foreclosure was issued on February 6, 2008. Pursuant to the terms of the judgment, the property

was offered at a public sale on October 1, 2008. Federal National Mortgage Association (FNMA) purchased the property at the sale and the sale was confirmed by the Court on October 20, 2008.

Thereafter, the 2009 property taxes on the property went unpaid. On November 13, 2009, the Sutton town treasurer issued a warrant stating that the tax collector was "hereby commanded to levy and collect of the several persons named in the foregoing list herewith committed to you, the sum of money annexed to the name of each person . . . ." The warrant is signed by Doreen Devenger, the town treasurer, who has since passed away. The "foregoing list" is not in the record, and the warrant does not specifically identify the property or specify the amount of taxes owed. Additionally, the parties dispute whether the warrant was ever filed or recorded in the Sutton Land Records, and whether it was properly "attested." GMAC argues that the warrant was therefore insufficient to give the tax collector the power to sell the property in question. See 32 V.S.A. § 5252.

Nonetheless, on March 23, 2010, the tax collector for the Town of Sutton sold the property to WJI at auction for $6,714.76, the amount of delinquent 2009 taxes. The tax collector recorded a report of sale in the Sutton Land Records on March 29. Her report states that she extended and levied the treasurer's warrant against the property in question on February 12, 2010. On April 15, 2011, a Notice of Failure to Redeem was recorded in Book 75 at Page 129 of the Sutton Land Records. On April 26, the property was conveyed by tax collector's deed to WJI.

Subsequently, FNMA executed a quitclaim deed that conveyed to GMAC any interest that FNMA held in the property. The deed was recorded in the Sutton Land Records on November 10, 2011. On that date, an agent of GMAC performed a title search in the Sutton Land Records, and was unable to locate the warrant from the town treasurer authorizing the tax collector to sell the property. WJI's attorney later located the November 13, 2009 warrant— though where she found it is not clear—but neither party has been able to find the "foregoing list" to which the warrant refers.

GMAC filed suit against WJI on February 1, 2012, claiming that the 2010 tax sale was void because the town failed to comply with the warrant requirements set forth in 32 V.S.A. §§ 4793 and 5252. GMAC seeks a declaration that it owns the property. WJI filed a third-party complaint against the Town of Sutton, claiming that if the Court determines the tax sale was void, the Town must compensate WJI for the fair market value of the property.

**Conclusions of Law**

In a prior ruling, this Court denied GMAC's August 1, 2012 motion for summary judgment because it found that GMAC's challenge to the tax sale was barred by the one-year statute of limitations in 32 V.S.A. § 5294. WJI has moved for summary judgment on the same grounds. GMAC argues in opposition that this case is governed by § 5263, which provides a three-year limitations period, rather than § 5294 and that its claim is therefore timely.

In construing statutes, the Court's primary goal is "to discern and give effect to the intent of the Legislature." *State v. O'Neill*, 165 Vt. 270, 275 (1996). The Court looks first to the plain meaning of statutory language, and if the plain meaning resolves the interpretation issue, it generally looks no further. *Rutland Herald v. City of Rutland*, 2012 VT 26, ¶ 21, 191 Vt. 387.

2

Section 5294 contains a general limitation on actions by taxpayers. It provides:

Unless commenced within one year from the time that collection is sought to be enforced against the taxpayer by arrest, distraint or levy, an action shall not lie wherein a taxpayer may question the validity of:

(1) An act required to be done by a treasurer of a town relating to a tax assessed;

(2) Notice by the treasurer to the taxpayer as to the amount of the tax or the time of the payment thereof;

(3) Acts of the treasurer as to turning over the unpaid portion of the tax bill and the annexed warrant to the tax collector for collection;

(4) Acts of the tax collector relating to the collection of the tax either before or after the tax became delinquent.

32 V.S.A. § 5294. However, there is another statute of limitations that applies specifically to actions for the recovery of lands against grantees of tax collector's deeds. Section 5263 provides:

An action for the recovery of lands, or the possession thereof, shall not be maintained against the grantee of such lands in a tax collector's deed, duly recorded, or his or her heirs or assigns, when said grantee, his or her heirs or assigns have been in continuous and open possession of the land conveyed in such deed and have paid the taxes thereon, unless commenced within three years after the cause of action first accrues to the plaintiff or those under whom he or she claims.

*Id.* § 5263. After reexamining the statutes, case law, and record, the Court concludes that § 5263 applies to GMAC's claim.

First, GMAC is not the "taxpayer" against whom collection was sought to be enforced. See *id.* § 5294. That would have been FNMA, which owned the property at the time the taxes became delinquent and when the tax collector conducted the tax sale. GMAC could not claim any ownership interest in the property until FNMA executed the quitclaim deed in November 2011. Thus, by its plain terms, § 5294 does not apply to GMAC because GMAC was not the taxpayer at the relevant time, and because collection was never sought to be enforced against it.

Second, specific statutory provisions typically trump more general ones. *Smith v. Desautels*, 2008 VT 17, ¶ 17, 183 Vt. 255. Section 5263 deals specifically with the recovery of lands from persons who purchased those lands at a tax sale, which is exactly what GMAC is attempting to do. Unlike § 5294, § 5263 clearly contemplates suits brought by persons other than the original taxpayer, because it refers to "the plaintiff or those under whom he or she claims." *Id.* § 5263. Moreover, § 5263 is found within Article 5 of Chapter 133, the portion of the tax code that deals with sales of real estate by tax collectors. By contrast, § 5294 is located within Article 6, which describes taxpayers' defenses in general.

The Bankruptcy Court reached the same conclusion in a similar case. See *In re Brentwood Corp.*, 157 B.R. 83 (Bankr. D. Vt. 1993). In *Brentwood*, the plaintiff bank was the

3

mortgagee of property that was sold at a tax sale after the mortgagor failed to pay taxes. The town tax collector did not extend a warrant against the property, did not file a copy of such a warrant with the town clerk, and did not file and record the report of sale. As a result, the bank was unaware of the sale and failed to redeem the property during the statutory period. The bank later filed suit to recover the property from the grantee of the tax collector's deed, arguing that the defects in the sale rendered it void. The Bankruptcy Court held that the three-year statute of limitations applied to the bank's action because: (1) the bank was not a taxpayer; (2) § 5263 was more relevant to the matter at hand because it specifically addressed real estate sales; and (3) collection was never sought to be enforced against the bank. *Id*. at 87. Like the plaintiff in *Brentwood*, GMAC was not the taxpayer at the time of the sale and collection was never sought to be enforced against GMAC.

The case of *Turner v. Spera*, cited by WJI, does not conflict with this analysis. In *Turner*, a taxpayer sought to void the tax collector's deed to the defendant, the culmination of a tax sale of the taxpayer's property in Stowe, on the grounds that the tax collector published notice of the sale for only two weeks. 140 Vt. 19, 19 (1981). The Vermont Supreme Court held, without any analysis, that the taxpayer's claim was barred by the one-year statute of limitations in § 5294.[1] *Id*. at 21. Unlike GMAC, the plaintiff in *Turner* was the taxpayer against whom collection was sought to be enforced, so § 5294 clearly applied to him. *Turner* does not control this case because the terms of § 5294 plainly do not apply to GMAC.

For the foregoing reasons, the Court finds that the three-year statute of limitations in § 5263 applies to this case, and GMAC's claim was timely filed. Accordingly, the Court's reason for the February 4, 2013 Order is hereby repudiated.

This conclusion calls for review of the merits of GMAC's motion for summary judgment (Motion #6), filed August 1, 2012 and denied in the February 4, 2013 Order.

GMAC argues that the tax collector failed to extend a warrant against the property as required by 32 V.S.A. § 5252, and therefore did not have the power to sell the property to WJI. Section 5252 provides in pertinent part:

> When the collector of taxes of a town or of a municipality within it has for collection a tax assessed against real estate in the town and the taxpayer is delinquent, the collector may extend a warrant on such land . . . If the tax collector extends the warrant, the collector shall:

> (1) File in the office of the town clerk for record a true and attested copy of the warrant and so much of the tax bill committed to the collector for collection as relates to the tax against the delinquent taxpayer, a sufficient description of the land so levied upon, and a statement in writing that by virtue of the original tax warrant and tax bill committed to the collector for collection, the collector has levied upon the described land . . . .

32 V.S.A. § 5252. The requirements of § 5252 must be strictly complied with, and "[a] person claiming title to real estate under a tax collector's deed has the burden of proving every act necessary to the validity of the tax, levy, and sale." *Peterson v. Moulton*, 120 Vt. 439, 442

---

[1] The *Turner* Court did not analyze whether § 5263 applied to the plaintiff's claim.

(1958). In *Brentwood*, the Bankruptcy Court concluded that the tax collector's failure to extend a warrant against the property or file a copy of the warrant with the town clerk rendered the tax sale void because the tax collector never gained the power to sell the property. *Brentwood*, 157 B.R. at 88–89. GMAC argues that the 2010 tax sale to WJI is void for the same reason. WJI argues that this case is distinguishable from *Brentwood*.

The Court cannot decide that question on summary judgment, however, because there are insufficient facts to support a determination that the tax collector failed to extend a proper warrant against the property at 2218 U.S. Route 5. WJI has shown that the treasurer issued a general warrant in November 2009 for the collection of delinquent property taxes in the Town of Sutton. The warrant complies with the statutory form for treasurer's warrants. See 32 V.S.A. § 4913. In addition, the tax collector's March 29, 2010 report of sale states that she levied the warrant committed to her in 2009 by the treasurer against the property in question.

On the other hand, it is not clear where the November 2009 warrant was found, or whether or when a copy of the warrant was ever filed in the office of the town clerk.[2] While the Court recognizes that GMAC is in the position of seeking to prove a negative and it is difficult to summon facts to prove the absence of fulfillment of requirements, the facts as presented to date are not sufficiently developed for the Court to determine whether undisputed facts support a conclusion that the tax collector did not comply with § 5252. Accordingly, summary judgment cannot be granted to GMAC on this record, and the denial of GMAC's motion for summary judgment stands, although for a different reason than as stated in the February 4, 2013 Order.

### Order

WJI's motion for summary judgment (MPR #7) is *denied*. While the reason for the February 4, 2013 Order is changed as described in this Decision, there is no change in the denial of GMAC's motion for summary judgment (MPR #6) for the reasons discussed above.

Dated at St. Johnsbury, Vermont this 23rd day of May, 2013.

_____
Mary Miles Teachout
Superior Judge

---

[2] Contrary to GMAC's argument, the statute does not require the warrant to be recorded in the land records; rather, the tax collector is directed to file a copy in the office of the town clerk. 32 V.S.A. § 5252(1); *Chester Motors, Inc. v. Koledo*, 146 Vt. 357, 358 (1985) ("Under the statutory scheme, the tax collector must file a notice of levy in the town clerk's office describing the property levied upon.").